# MARY F. EMBREE

*v.*

# QUINTUS L. EMBREE.

1. DIVORCE—*for cruelty.* A single act of cruelty does not constitute sufficient ground for a divorce. There must be extreme and repeated cruelty, which must consist in physical violence, and not merely in angry or abusive epithets, or even profane language, to authorize a divorce in this State. Mere angry or abusive words, menaces or indignities, do not constitute cruelty, within the meaning of our statute.

2. SAME—*for desertion.* Desertion, to be a cause for divorce, must be willful, and continue for two years. Nor is the case altered, where the bill is prematurely filed, by filing a supplemental bill, alleging two years' desertion, when the two years includes any portion of the time which has elapsed after the filing of the original bill. A hearing can only be had on the grounds which exist when the suit is commenced, and subsequent grounds can not be incorporated into the case after the commencement of proceedings.

APPEAL from the Circuit Court of Sangamon county ; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

The opinion states the case.

Messrs. CULLOM, ZANE & MARCY, and Messrs. HERNDON & ORENDORFF, for the appellant.

Messrs. JOHN E. ROSETTE & BRO., for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill for a divorce, filed by appellant in the Sangamon circuit court, against appellee. The original bill alleged desertion for one year, ten months and some days, extreme and repeated cruelty, and adultery; all of which was denied in the answer of appellee. Appellant subsequently filed her supplemental bill, charging desertion for more than two years before that time. A trial was had by the court, without the intervention of a jury, when the bill was dismissed.

A careful examination of the evidence shows but one act of violence, that could be regarded as cruelty, is claimed to have been proved. Complainant swears that he, on one occasion, choked her, and threatened to do so again, but defendant as positively denies the charge. She testified that he used harsh and angry language to her, and even used profane language to her, on several occasions.

It is a positive requirement of the statute, that there shall be extreme and repeated cruelty, to authorize the courts to dissolve the marriage tie. One act has not, in this State, been held to answer the requirements of the statute. And the uniform construction given to the act by this court, as announced in a number of decided cases, is, that the cruelty must consist in physical violence, and not in angry or abusive epithets, or even profane language. The courts must enforce, and not enact, law; and we feel compelled to enforce the statute as it has been enacted and heretofore expounded by the court.

We are well aware that some other courts have held that cruelty may consist in mere angry or abusive words, menaces or indignities. But such is not the construction which has been placed upon our statute; and the construction it has received was announced many years since, and the general assembly, with whom the power is lodged, have not interposed to change the rule. The question of what shall constitute

grounds for granting a divorce, or whether the marriage contract shall be dissolved under any circumstances, or for any cause, is one of public policy, and belongs to the legislative, and not to the judicial, department of our government. Nor do we conceive that we are required, or even justified, in changing the interpretation of a statute of our State, because the courts of some other jurisdiction may give their statutes a different construction.

Nor can the statutory requirement as to desertion be abrogated or abridged. It has declared, in unmistakable terms, that desertion, to be a cause of divorce, shall be willful, and for two years. We can not say that one year, eleven months and a few days, or any other time, shall be substituted for the statutory period. Nor is the case altered, when the bill is prematurely filed, by filing a supplemental bill, alleging two years' desertion, when the two years includes any portion of the time which has elapsed after filing the original bill. A hearing can only be had on the grounds which exist when the suit is commenced. Subsequent grounds can not be incorporated into the case after the proceeding has been commenced.

If the evidence is reliable, appellee must have gone to a house of ill-fame with another person, but even that person only swears to his remaining a few minutes, and testifies to no improper conduct on his part. Appellee states that he went with the person to the house, but only remained a few minutes, and then left, but denies that he did anything while there. He says that they first went to another house, but did not go in, and he accompanied his friend, who requested him to go with him to sell some wood. He denies the charge unequivocally, and the charge is not made out by other evidence with any degree of certainty, even if appellee's evidence should be excluded. We are unable to say that the court below found against the weight of evidence on that charge.

Appellee admits that he stayed over night at the house of Mrs. Crosby, but denies that he had any improper intercourse with her. Another witness says he stayed with him, and they

slept in the same bed, and he saw nothing that was improper; that Mrs. Crosby and her sister slept in one bed, and appellee, her brother and Sawyer slept in another. The occasion of his staying was the inclemency of the weather. The witness says it was raining hard, and appellee stayed at the request of Mrs. Crosby's brother. Appellee testified that he saw her another time, to get her to do some sewing for him. He positively denies the use of violence to his wife, or the use of abusive or profane language, or of threats. In the state of the evidence in the record, we are not prepared to hold that the court below erred in dismissing the bill, and the decree must be affirmed.

*Decree affirmed.*