(No. 33278.—

C. B. Sipple *et al.*, Appellants, *vs.* University of Illinois *et al.*, Appellees.

*Opinion filed January 21, 1955.*

Morris K. Levinson, of Chicago, for appellants.

Latham Castle, Attorney General, of Springfield, Ralph F. Lesemann, of Urbana, and Chapman & Cutler and Herbert R. Stoffels, both of Chicago, for appellees.

Mr. Justice Schaefer delivered the opinion of the court:

The question here is the validity of section 4(b) of the Public Accounting Act of 1943, as amended in 1951, (Laws of 1951, p. 533; Ill. Rev. Stat. 1953, chap. 110½, par. 28,) and a word as to the history of legislation relating to accountants is necessary to an understanding of the case.

In 1903 the General Assembly provided that no person should designate himself a "Certified Public Accountant" unless he met prescribed qualifications and had passed an examination given under the supervision of the University of Illinois. (Laws of 1903, p. 281.) In 1927 an act was

passed providing for the certification of another category of accountants known as "public accountants." Certificates as public accountants were issued automatically to those who were certified public accountants under the 1903 act, and to others upon passing an examination conducted by the Department of Registration and Education. The 1927 act also contained a "grandfather" clause providing that those who had been engaged in the practice of public accounting as defined in the statute, for a period of one year, would automatically receive certificates as public accountants. Laws of 1927, pp. 689, 691; Smith-Hurd's Ill. Rev. Stat. 1927, chap. 110½, par. 16.

The act of 1943 repealed the two earlier acts. It provides for the certification and regulation of certified public accountants, prescribes educational and other qualifications for applicants for certificates and provides for their examination under the supervision of the University of Illinois. It provides that certificates as certified public accountants issued under the 1903 act should remain valid, and that those who had obtained certificates as public accountants by passing an examination under the act of 1927 could style themselves as certified public accountants upon applying for such certificates. The effect was to give those who had obtained certificates as public accountants under the grandfather clause of the 1927 act, without taking any examination, the option of becoming certified public accountants by passing an examination, or of continuing to practice under the designation of public accountants rather than certified public accountants.

The validity of the 1943 act was generally sustained against constitutional attack by some of the present plaintiffs in *Chatkin* v. *University of Illinois*, 411 Ill. 105. In that case section 4(b) of the 1943 act had been held invalid by the trial court on the ground that it failed to specify in sufficient detail the scope and subject matter of the examinations which the act authorized. The question

of the validity of that section was not reached by this court, because the cross appeal which presented that issue was dismissed when the 1951 amendment to section 4(b) which is here in controversy was adopted while the case was pending on appeal.

The 1951 amendment provided that those persons, among others, should be entitled to certificates as certified public accountants "whom the University under regulations provided by its rules shall determine to have heretofore or hereafter successfully passed an examination, conducted under the supervision of the University, in accounting theory and practice, auditing and commercial law * * *."

Seven of the eight present plaintiffs received certificates as public accountants under the grandfather clause of the 1927 act without having passed any examination. Some of them had never attempted to take an examination; others had failed to pass. Their complaint alleged that the defendants, who are the University of Illinois and certain officials connected with the administration of the statute, were issuing certificates as certified public accountants to all persons who had passed examinations under the original section 4(b) which was held invalid by the trial court in the *Chatkin case*, upon the theory that such persons had "heretofore * * * successfully passed an examination, conducted under the supervision of the University," although such prior examinations had been given without the safeguards expressed in the amended section 4(b). The relief sought was a decree declaring the amended section unconstitutional, declaring void any certificates issued to persons who had "heretofore" passed an examination, and enjoining the future enforcement of the amended section.

Defendants' answer alleged that since the effective date of the amendatory act of 1951, a total of 124 new certificates as certified public accountants had been issued to persons who held certificates as public accountants under the act of 1927, and who, prior to July 31, 1951, had

passed an examination conducted under the supervision of the University in accounting theory, practice, auditing and commercial law. Defendants denied that these new certificates were issued automatically to persons who had theretofore received certificates under the original section 4(b) of the act of 1943, and alleged that none of them was issued without the University having first determined from evidence submitted to it, that the examinations were of the scope and content and conformed to the standards required by the amendatory act. The answer further alleged that in making its determinations, the University passed upon and considered the following evidence, records and data, which had, in each case, been preserved in its original form: (a) the date and place of the examination "heretofore" passed, and the fact that such examination had been given under the supervision of the University, in the manner required by section 4(b) as amended; (b) a complete set of questions asked of each applicant, together with an analysis of the questions by the special board, showing their relation to the subjects prescribed by the amendatory act; (c) a full and complete set of all of the answers given by each applicant; (d) a showing of the source materials upon which the test questions were based; (e) a set of answers considered by the special board as correct, and (f) the grading assigned by the special board to the answers given by each applicant and the certificate by the board that the applicant had satisfactorily passed the examination.

Plaintiffs' motion to strike the answer was denied, and when plaintiffs elected to stand by their motion, a decree was entered dismissing the complaint.

The provisions of the 1951 amendment concerning the scope and the subject matter of the examination are substantially the same as those contained in the 1903 act which was sustained in *Elliott* v. *University of Illinois,* 365 Ill.

338, and it is not here contended that the amendatory act is deficient in that respect. The attack rather centers upon the reference to an examination "heretofore or hereafter * * * conducted under the supervision of the University." The contentions here argued appear to be that the amendment, insofar as it relates to examinations "heretofore" conducted, is invalid as *ex post facto* legislation and is ineffective as a validating act.

These contentions are without merit. The allegations of the answer, admitted by the motion to strike, establish that the new certificates were issued upon the basis of examinations which complied in all respects with the provisions of section 4(b), as amended. That the examinations had been conducted prior to the enactment of the 1951 amendment is immaterial. It is common practice to condition the issuance of licenses upon the basis of qualifications attained prior to the enactment of the licensing statute. The typical educational requirement is an illustration. It is well established that a statute is not retroactive just because it relates to antecedent events. (*Reynolds* v. *United States,* 292 U.S. 443; *Cox* v. *Hart,* 260 U.S. 427.) As stated by Judge Briggle in *United States* v. *Bradley,* 83 Fed. 2d 483, 484, "Authority is abundant to support the proposition that an act is not retroactive merely because it involves facts which antedate the passage of the act."

The statute is concerned with the qualifications of candidates for certificates as certified public accountants. A relevant consideration is the fact that a candidate has demonstrated his knowledge and proficiency by successfully passing a prescribed examination. That successful completion of the examination did not result in the issuance of a valid certificate at that time is immaterial. It is the fact of demonstrated knowledge and proficiency which is significant. If there were deficiencies in the original section 4(b), they related to the provisions of the statute and not

to the quality of the examinations held under it. The amended statute is not retroactive and is not an *ex post facto* law.

As to the second point, the statute does not purport to be a validating act, nor is that its effect. The demonstration of competence which the examinations supplied does not depend on whether they were held pursuant to a valid statute, an invalid statute, or no statute at all. Even if we were doubtful on this point, the validity of the statute would not be affected. "The test in all cases of a validating act is whether the General Assembly might have authorized the act which it attempts to validate before it took place." (*People ex rel. Shore* v. *Helmer*, 410 Ill. 420, 427.) Regarded as a validating act, the present statute meets this test.

The defendants have not argued in this court the question of the standing of the plaintiffs to raise these constitutional issues. The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*