104 So.2d 925

Ella Dean **FUQUA**

v.

Louis Arnold **FUQUA.**

6 Div. 271.

Supreme Court of Alabama.

Sept. 11, 1958.

Whitmire, Morton & Coleman, Birmingham, for appellee.

Ferris S. Ritchey, Jr., and G. W. Nicholson, Birmingham, for appellant.

SIMPSON, Justice.

This is an appeal by respondent (appellant) from a decree of the circuit court, in equity, overruling her demurrer to a bill of complaint. The bill seeks to take advantage of Act No. 390 of the Legislature, approved September 4, 1957 (Vol. 1 Acts of Alabama, Regular Session, p. 532), which, in pertinent parts, is as follows:

"Section 1. The circuit court in equity shall have the power to divorce persons from the bonds of matrimony in favor of either party where there has been a final decree of divorce from bed and board, or of separate maintenance, when such decree has been in force and effect for more than four years. The fact that the party against whom such action is brought may also have some ground for divorce shall not constitute any defense to any proceeding under this Act.

"Section 2. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law; and the provisions of the Act shall be retroactive in its operation in all cases."

The bill alleges that this respondent previously had filed a bill in equity against the complainant, which terminated in a decree from bed and board, and which has been in force and effect for more than four years. The decree in favor of this respondent was rendered May 2, 1949. The Act in question was approved September 4, 1957, and hence would apply to appellee if its retroactive effect could withstand the attack made upon it by the appellant's demurrer. The Act distinctly so provides.

The power of the legislature over the marital status of residents of the state is of long standing, and is as complete as the power of the legislature over other personal transactions. Therefore, unless there is some constitutional restraint that power is complete. Sills v. Sills, 246 Ala. 165, 19 So.2d 521. It is not a contract whose obligation the Constitution protects.

The difficulty in most of the cases of this nature has been to determine whether the statute was intended by the legislature to apply retroactively. We do not have that difficulty here, as the terms of the Act are clear and unambiguous.

Whether a statute operates prospectively, or retrospectively or retroactively, is a matter of legislative intent. More specifically, statutes generally will be held to operate prospectively unless the purpose and intention of the legislature to give them a retrospective effect clearly appears. Where the language of the statute clearly requires retroactive construction it must be so construed even though it may be held to be unconstitutional. 82 C.J.S. Statutes § 414, pages 984–990.

Unquestionably the Act under consideration is remedial in character, and as such is favored by the courts and must be liberally construed to give its intended effect. And the Act must be made to apply to the status of the instant parties unless there is some constitutional barrier. Barrington v. Barrington, 200 Ala. 315, 76 So. 81, 87; Sills v. Sills, supra.

The decision in the Barrington case was by a divided court, but the opinion by both the majority and minority strongly indicated that the view then prevailing was that it was within legislative competency to enact retroactive legislation affecting the marital status, just so no vested rights were affected and both the majority and minority opinions conceded that the act

there under consideration, which in legal effect is no different from the one here considered, violated no vested rights. The dissenting opinion of Mr. Justice McClellan stated that an act providing for grounds for divorce did not "violate any vested right, since, as is universally accepted, neither husband nor wife can have any vested right in the status of marriage". And Mr. Justice Somerville writing for the majority in responding to the view of Mr. Justice McClellan stated, "I further agree with Justice McClellan in the proposition that matrimonial rights are not vested rights in any technical or constitutional sense". We agree with the views there stated and must, and do, hold that no vested rights of appellant are affected by the Act.

Appellant contends that the statute destroys matrimonial rights already acquired, but this argument is unsound. Whatever rights appellant has acquired in the shape of past due maintenance will be unaffected by the granting of the divorce, and future rights are always subject to the control of the court when circumstances change.

Also untenable is the argument that the Act is unconstitutional because the defense of recrimination is abolished. Without conceding such to be the fact, a sufficient answer is that the legislature has complete authority in matters of divorce and may add to or take away any grounds it so desires.

The Louisiana case of Stallings v. Stallings, 177 La. 488, 148 So. 687, has much similarity to the case in hand. It was there held that no vested rights and no contract obligations were affected by giving the statute there under consideration retrospective operation.

It is our opinion that the Act is not subject to the criticism leveled at it by appellant and that the decree overruling the demurrer was correct.

Affirmed.

LAWSON, GOODWYN, and MERRILL, JJ., concur.