# Richmond

PHYLLIS PAXTON HAGEN v. DUDLEY JOHN HAGEN.

January 18, 1965.

Record No. 5815.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*William A. Redfern, Jr.* (*Redfern & Rivers*, on brief), for the appellant.

*J. Benson Hoge*, for the appellee.

SNEAD, J., delivered the opinion of the court.

Phyllis Paxton Hagen, appellant, appealed from a decree entered

July 24, 1963, whereby her husband, Dudley John Hagen, appellee, was granted a divorce *a vinculo matrimonii* under the provisions of Code, § 20-91(9), as amended in 1962.

On July 29, 1959, Mrs. Hagen filed a bill of complaint against her husband alleging that he had deserted her on July 24, 1959. She prayed for the custody and support of their two infant children and separate maintenance for herself. Hagen filed his answer and cross-bill in which he denied the charge of desertion, alleged that his wife had constructively deserted him and asked for a divorce *a mensa et thoro* on that ground.

The cause was referred to a commissioner in chancery who was directed to take testimony and report his findings. Hagen offered no testimony in support of his cross-bill. Based on the evidence adduced, the commissioner recommended in his report that the court dismiss Hagen's cross-bill; that the custody of the children be awarded to Mrs. Hagen; and that she be granted separate maintenance and support for herself and the children in accordance with a written property settlement agreement executed by the parties and filed in the proceedings. On December 8, 1961, the chancellor entered a decree which followed the recommendation of the commissioner.

On August 2, 1962, Hagen filed a bill of complaint in which he prayed for a divorce *a vinculo matrimonii* on the ground that he and his wife had lived separate and apart without any cohabitation and without any interruption since July 24, 1959, a period of more than three years. (Code, § 20-91(9), as amended in 1962.) In her answer to the bill, Mrs. Hagen admitted the allegations contained in the bill, but asserted that Code, § 20-91(9) was unconstitutional with respect to her as being retroactive legislation and deprived her of her rights without due process of law. She also filed a special plea of *res judicata*, alleging that "the issues presented in this proceeding have been previously adjudicated" in the chancery cause in which she was awarded separate maintenance.

The cause was referred to the same commissioner who had reported on the former proceeding between the parties. He concluded, among other things, that the statute in question, though retroactive, was constitutional as applied to Mrs. Hagen; that the plea of *res judicata* was not a bar to her husband's suit; and that Hagen should be granted a divorce as prayed for. Mrs. Hagen excepted to the report, but on July 24, 1963, the court entered a decree overruling her exceptions, ratifying and confirming the report, and granting Hagen a divorce *a vinculo matrimonii*. The decree provided that "The terms of the

property settlement agreement between the parties, dated the 21st day of October, 1961, subject to the subsequent modifications of payments made by the court by its decree is continued in full force and effect." It is from this decree of absolute divorce that Mrs. Hagen has appealed.

Mrs. Hagen contends that the chancellor erred in overruling her exceptions to the commissioner's report which (1) denied her plea of *res judicata,* and (2) held that Code, § 20-91(9), as amended, was not unconstitutional as being retroactive legislation. The statute[1], as amended by the 1962 Session of the General Assembly, provided:

"§ 20-91. A divorce from the bond of matrimony may be decreed:

\*　　\*　　\*　　\*　　\*　　\*　　\*

"(9) On the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for three years. A plea of res adjudicata or of recrimination with respect to any other provision of this section shall not be a bar to either party obtaining a divorce on this ground."

Mrs. Hagen argues that the language "with respect to any other provision of this section" specifically limits the restriction upon *res judicata* to the other grounds of divorce contained in the statute; that the limitation does not apply to separate maintenance suits; and that the issues in the case at bar were previously adjudicated when she was granted separate maintenance and Hagen's cross-bill for a divorce was dismissed.

Irrespective of whether the statute does or does not exclude a plea of *res judicata* based upon a decree of separate maintenance, such a plea cannot be maintained under the facts of this case.

The principles of *res judicata* were fully stated in *Kemp v. Miller,* 166 Va. 661, 674, 675, 186 S. E. 99. There we said:

" 'When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a

---

[1] Section 20-91(9) was amended by the 1964 General Assembly. The required period of separation was changed from three years to two years.

new suit on the same cause of action cannot be maintained between the same parties * * *.'

"This doctrine does not apply, however, where the second action between the same parties is upon a different claim or demand. * * *

" '* * * [W]here the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.' " See also *Eason* v. *Eason*, 204 Va. 347, 349, 350, 131 S. E. 2d 280; Burks *Pleading and Practice*, (4th ed.) § 357, pp. 673, 674.

As has been stated, the desertion occurred on July 24, 1959, Mrs. Hagen filed her bill for separate maintenance on July 29, and Hagen filed his cross-bill for a divorce on August 19. At that time Code, § 20-91(9) was not in existence. The statute was first enacted at the 1960 Session of the General Assembly and became effective on July 1, 1960. The final decree granting Mrs. Hagen separate maintenance and dismissing Hagen's cross-bill for a divorce was entered on December 8, 1961. On that day the parties had not lived separate and apart without any cohabitation and interruption for the three-year period required by the statute. Hence, it is readily apparent that Hagen had no right to avail himself of the relief afforded by the statute, and this ground for a divorce was not an issue in the original cause. The present suit was based on a different claim or ground which could not have been litigated in the former suit. Hagen's right to invoke the statute did not arise until July 24, 1962. Thus it is manifest that the court properly rejected Mrs. Hagen's plea of *res judicata.*

Mrs. Hagen contends that Code, § 20-91(9) is retroactive legislation and is unconstitutional as applied in the case at bar. She claims that the approximately eleven month period between July 24, 1959, the date of separation, and July 1, 1960, the date the statute became first effective, should not be counted as a part of the required three-year period of separation because during that period

there was no such law in effect. She says that the "clear effect of this is to deprive wife of a vested right she had prior to the enactment of the statute, i.e., that husband, as the guilty party, could not obtain a divorce from her. And this right was vested, since husband, in the first suit, had sought a divorce by Cross-Bill."

"There can be no doubt that the legislature possesses the power to enact retrospective legislation, and generally it is valid if the legislative intent is plainly manifest that the statute is to have a retroactive effect and if the statute does not have the effect of impairing the obligation of a contract and is not destructive of vested rights. * * *" *Eaton* v. *Davis*, 176 Va. 330, 336, 10 S. E. 2d 893.

In 17 Am. Jur., Divorce and Separation, § 177, p. 375, it is said:

"The separation statute may be given a limited retrospective operation in the sense that it applies to separations which began prior to the enactment of the statute and continued after its enactment. It should be thus applied where it provides for a divorce on the ground that the parties have lived separate and apart for a stated period of time, or for such a period prior to the filing of the bill of complaint." See *Tipping* v. *Tipping*, 82 F. 2d 828; *Leon* v. *Torruella*, 99 F. 2d 851; *Parks* v. *Parks*, 116 F. 2d 556; *Campbell* v. *Campbell*, 174 Md. 229, 198 A. 414, 116 A.L.R. 939; *Schuster* v. *Schuster*, 42 Ariz. 190, 23 P. 2d 559.

We indicated in *Todd* v. *Todd*, 202 Va. 133, 115 S. E. 2d 905, that Code, § 20-91(9) should be given a retroactive effect. In that case, each of the parties sought a divorce on the grounds of cruelty and desertion. The bills were filed in 1956, prior to the enactment of the statute, and our opinion was rendered September 2, 1960, about two months after the sub-section became effective. The chancellor had concluded that the parties had been separated since August, 1956, but that neither party was entitled to a divorce. We affirmed the chancellor's findings, but in so doing we said: "The final decree dismissed the bills but as some relief was awarded appellee and the case must remain upon the docket for entry of any further appropriate decrees, her bill should be reinstated. Nor is it amiss to say that § 20-91, Code 1950, was amended by Acts 1960, ch. 108, p. 121, and now when spouses live separate and apart for three years 'without any cohabitation and without interruption,' that constitutes grounds for divorce. Thus upon remand, both bills will be reinstated, and the litigants should be allowed to supplement or

amend their pleadings and apply for such further relief as may be right and proper." 202 Va. at p. 141.

Code, § 20-91(9) does not expressly state that it is to operate retrospectively but it is not necessary that the statute so state. We think that the legislative intendment was for the statute to apply to existing situations when it was enacted. The statute expressly provides that a divorce may be decreed "on the application of either party when the husband and wife have lived separate and apart without cohabitation and without interruption for three years." This language clearly indicates that it is to apply to the past as well as the future. *Schuster* v. *Schuster, supra,* 42 Ariz. at p. 200.

Moreover, the statute does not have the effect of impairing the obligation of a contract and is not destructive of any of Mrs. Hagen's vested rights. The decree of divorce specifically continued in full force and effect the terms of the property settlement agreement which was introduced in the separate maintenance suit, subject to certain modifications of payments made by former decrees in that suit. The decree of separate maintenance provided that Mrs. Hagen "shall have the right to live separate and apart from" Hagen. The decree of divorce certainly did not disturb this right or any other right given her by the decree of separate maintenance. She had no vested right to prevent her husband from securing a divorce. Unquestionably, the General Assembly has the power to establish grounds for a divorce and we must give effect to them.

We hold that Code, § 20-91(9) is not unconstitutional as being retroactive legislation and that the statute has not been unconstitutionally applied in the case at bar. See *Canavos* v. *Canavos,* 205 Va. 744, 139 S.E. 2d 825, decided today.

The decree appealed from is

*Affirmed.*