(No. 38795.—

United States Steel Credit Union *et al.*, Appellees, *vs.* Joseph E. Knight, Director of Financial Institutions, Appellant.

*Opinion filed January 21, 1965.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, JOHN J. O'TOOLE, A. ZOLA GROVES, and ROBERT SHARFMAN, Assistant Attorneys General, of counsel,) for appellant.

KING, ROBIN, GALE & PILLINGER, of Chicago, (WILLARD L. KING and DOUGLASS PILLINGER, of counsel,) for counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This direct appeal and cross appeal, prosecuted from a judgment of the circuit court of Cook County, present the problem of the proper construction of section 25 of the Credit Union Act, as amended in 1963. (Ill. Rev. Stat. 1963, chap. 32, par. 496.25.) The revenue is involved to give us jurisdiction.

Historical background shows that the act presently authorizing and regulating credit unions was enacted in 1953, (Laws of 1953, pp. 333-349,) and that by the terms of section 24 such unions were placed under the supervision of the Auditor of Public Accounts. Other provisions of section 24 directed that each union should be examined at least an-

nually by the Auditor, while section 25 provided that each credit union examined should pay a fee, based upon rates therein specified, to bear the cost of such examination. (Ill. Rev. Stat. 1953, chap. 32, pars. 496.24 and 496.25.) No provision was made for supervision fees. Extensive amendments were effected in 1957 to transfer administrative duties under the act, (Laws of 1957, pp. 463-474,) it being provided by specific amendments to section 24 that credit unions were under the supervision of the Department of Financial Institutions and that it was the duty of such Department to make the annual examinations. (Ill. Rev. Stat. 1957, chap. 32, par. 496.24.) Section 25 was amended to make the fees levied for the cost of examination payable to the Department. Par. 496.25.

In 1963 some minor changes not pertinent here were made in section 24, but a major change was effected in section 25 by the addition of a paragraph authorizing an annual supervision fee as follows: "Not later than February 1st of each calendar year, each credit union shall pay to the Department for the preceding calendar year a supervision fee in accordance with the graduated scale set forth below, on the basis of assets as of December 31st of each preceding year, but such fee shall in no event be less than $10.00; Provided, however, that no such fee shall be paid by a credit union until it has been in operation for one year." (Ill. Rev. Stat. 1963, chap. 32, par. 496.25.) The scale of fees referred to follows the quoted language. This amendment became effective July 16, 1963, when it was approved by the Governor, and its construction is the issue in this case. Neither its validity nor the power of the legislature to impose supervision fees have been challenged.

When February 1, 1964, arrived, defendant, the Director of the Department of Financial Institutions, assessed the supervision fee for the full calendar year 1963. Plaintiffs, four of approximately 1550 credit unions incorporated under the act, then instituted this suit for a declaratory judg-

ment and injunctive relief. It is not denied that plaintiffs were in operation for a period of one year prior to February 1, 1964, and it is not denied that the Department exercised supervision over credit unions for the full year 1963. Briefly stated, it was and is the theory of defendant that the amendatory language added to section 25 clearly and explicitly imposed a duty on plaintiffs to pay the supervision fee for the full calendar year 1963. As opposed to this, it was the theory of plaintiffs' complaint that the amendment was intended to have prospective application only, with the result that the first payment of a supervision fee would not become due or payable until February 1, 1965, based upon assets as of December 31, 1964. Contrary to the theory of either party, the circuit court, while agreeing that the amendment could not apply retroactively to the portion of 1963 which preceded its enactment, held that it operated prospectively from July 16, 1963, the date it became effective, and on this basis found that the supervision fees with respect to the year 1963 were payable on a *pro rata* basis for the period from July 16, 1963, to December 31, 1963.

Defendant has appealed and renews his claim that the amendment authorizes the collection of supervision fees for the full year 1963. Plaintiffs, manifesting a disposition to abide by the construction arrived at by the trial court, advance as their theory in this court that the amendment cannot be construed to impose a charge for the full year 1963, since it was in effect for only about one half of such year, and argue that to do so would give it retroactive operation. However, by a cross appeal which is admittedly retaliatory, they assert that the trial court was without authority to prorate the 1963 fees as it did and thus by implication readvance the theory of their complaint, *viz.*, that no supervision fees could be collected until February 1, 1965. The view we take of the amendment renders their contentions untenable.

Disposition of the case depends upon the application of

long established principles pertaining to retroactive or retrospective laws, such a law being defined in 82 C.J.S., Statutes, sec. 412, as "one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past." At the same time, however, it is well settled that a statute is not retroactive just because it relates to antecedent events, or because it draws upon antecedent facts for its operation. (*Sipple* v. *University of Illinois,* 4 Ill.2d 593; *Cox* v. *Hart,* 260 U.S. 427, 67 L. ed. 332; *John McShain, Inc.* v. *District of Columbia,* (D.C. cir.) 205 F.2d 882.) Retroactive legislation is not favored, and as a general rule statutes are construed to operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the acts, or by necessary or unavoidable implication. (*Bauer Grocer Co.* v. *Zelle,* 172 Ill. 407; *Anderson* v. *Board of Education,* 390 Ill. 412.) Conversely, if the language of a statute requires retroactive application, it is the duty of the courts to so apply it. (*People ex rel. Kroner* v. *Abbott,* 274 Ill. 380.) Based upon these principles, it is the position of the plaintiffs that to construe the amendment as authorizing the collection of 1963 supervision fees for the period prior to July 16, 1963, the effective date of the amendment, is to give it retroactive effect without a clear or explicit manifestation by the legislature that such a result was intended.

Bearing in mind, first, that plaintiffs were under the supervision of the Department for the full year 1963, and second that liability for the fees could not arise until February 1, 1964, (and then only if the credit union had been in operation for one year,) there is in our minds some doubt as to whether the amended statute is retroactive merely because it is in part dependent for its operation upon antecedent facts, *i.e.* supervision, antedating the amendment.

(See: *Merchants National Bank of Boston* v. *Merchants National Bank of Boston,* 318 Mass. 563, 62 N.E.2d 831; *Diamond Match Co.* v. *State Tax Com.* 175 Md. 234, 200 Atl. 365; *Burger* v. *Unemployment Compensation Board of Review,* 168 Pa. Super. 89, 77 A. 2d 737; *United Engineering & Foundry Co.* v. *Bowers,* 171 Ohio St. 279, 169 N.E. 2d 697.) However, it is sufficient to say that the necessary and unavoidable implication of the amendment is that retroactive application for the year 1963 was intended.

The purpose of the amendment was to impose an annual fee for general supervision. The fact of supervision itself was not newly provided for, inasmuch as the supervision of credit unions by the Department of Financial Institutions had been in effect and carried on since the amendment to section 24 in 1957. With this background, and looking to the language employed in the amendment, it is illogical to believe the legislature intended to postpone liability for the supervision fee until February 1, 1965, or to a date approximately one and one-half years after the effective date of the amendment. No such distinction or postponement was expressly made, the amendment stating instead, without equivocation, that supervision fees were payable: "Not later than February 1st of *each* calendar year, * * *." (Emphasis ours.) And it is equally illogical and inconsistent with the language employed to believe it was intended to authorize only prorata fees for the year 1963. Had it been the legislative intent that fees for 1963 could be collected only for the period after the effective date of the amendment, it would have been a simple matter to limit 1963 fees to the unexpired portion of such year. (*Cf. People ex rel. Gill* v. *Hamilton,* 366 Ill. 455, 460-461.) The legislature did not do so, but spoke only in terms of a fee "for the preceding calendar year." Under all of the circumstances, we think the intent and purpose of the legislature to apply the amendment to the full year 1963 is clear. *Cf.*

*United States* v. *Louisville & Nashville Railroad Co.* 236 U.S. 318, 59 L. ed. 598; *Welch* v. *Henry,* 305 U.S. 134, 83 L. ed. 87; *Cooper* v. *United States,* 280 U.S. 409, 74 L. ed. 516; *People ex rel. Kroner* v. *Abbott,* 274 Ill. 380; *Dobbins* v. *First National Bank of Peoria,* 112 Ill. 553.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded with directions to enter a declaratory judgment in accordance with this opinion.

*Reversed and remanded, with directions.*