226 So.2d 623

**STATE BOARD OF OPTOMETRY**

**v.**

**LEE OPTICAL COMPANY OF
ALABAMA, Inc., et al.**

**3 Div. 266.**

Supreme Court of Alabama.

Sept. 18, 1969.

Thos. F. Parker, Theodore H. Hoffman and Richard A. Billups, Jr., Montgomery, for appellant.

Ball & Ball, Montgomery, for appellees.

LAWSON, Justice.

The State Board of Optometry filed a bill of complaint in the Circuit Court of Montgomery County, in Equity, against Lee Optical Company of Alabama, Inc., a corporation, and against thirteen practitioners of optometry and one physician.

For present purposes, it is sufficient to say that the bill of complaint alleged, in effect, that all of the respondents were engaged in the unlawful practice of optometry in this state, in that the individual respondents were practicing optometry in stores or establishments operated by the respondent Lee Optical Company under contracts of employment, agreements or arrangements with Lee Optical Company.

Aside from the prayer for process and the prayer for general relief, the bill prayed:

"* * * that this Honorable Court issue a prohibitory injunction enjoining and prohibiting each of the respondents named herein from the unlawful practice of optometry, either directly or indirectly in the State of Alabama and the respondent Lee Optical Company of Alabama, Inc., from employing by any means or arrangement registered optometrists or physicians, surgeons or oculists to examine the eyes of its customers and prescribe eyeglasses for their 'Lee Optical' stores or any other stores owned by it anywhere in the State of Alabama. * * *"

Lee Optical Company filed a plea in abatement. The other respondents jointly filed a plea in abatement.

The trial court rendered a decree sustaining the pleas in abatement, dismissing the bill of complaint and taxing the costs against the complainant. From that decree the State Board of Optometry, the complainant below, appealed to this court.

In brief filed here on behalf of appellees, the respondents below, it is said:

"On November 29, 1965, respondents filed Pleas in Abatement which stated in essence that (a) the State Board of Optometry had no authority to sue; (b) the State Board of Optometry had no right to maintain such an action as was brought and (c) even if complainant had the right or capacity to sue the proper and exclusive remedy was an action in the nature of quo warranto rather than for injunctive relief."

In appellees' brief it is further said:

"This appeal raises two basic questions, namely:

"(1) Whether the State Board of Optometry has the authority to sue in its own name.

"(2) Whether complainant's remedy against respondents' alleged illegal practice of optometry is quo warranto as opposed to the injunctive relief which is sought."

After submission in this court, the appellant filed a "Motion to Remand" the cause to the Circuit Court of Montgomery County because of the provisions of Act No. 509, approved September 7, 1967, Acts of Alabama 1967, Vol. II, p. 1225. Act 509, which became effective after the appeal in this case was submitted to this court, reads, including its title, as follows:

### "AN ACT

"Relating to civil remedies and procedure; to provide for enjoining the unauthorized or unlawful practice of professions, occupations, or callings, and providing for retrospective operation of the Act.

"Be It Enacted by the Legislature of Alabama:

"Section 1. The unauthorized or unlawful practice of any profession, occupation, or calling by any person, firm or corporation may be enjoined by any court of competent jurisdiction on complaint brought in the name of any public body or officer having authority conferred by statute to regulate or to license the activity engaged in by such person, firm or corporation.

"Section 2. The provisions of this Act are cumulative. The authority conferred by the Act is in addition to and supplementary to all other statutes, civil and criminal, dealing with the subject matter of this Act. The Act shall apply retrospectively and prospectively.

"Section 3. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

"Section 4. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

"Approved September 7, 1967.

"Time: 3:47 P.M."

We denied the motion to remand, but such action did not indicate that we should not consider the provisions of Act 509, *supra*, in disposing of this appeal, because in connection with our denial of the motion to remand we provided as follows: "Appellant allowed 30 days to file supplemental brief on applicability of Act No. 509, 1967 Regular Session, Alabama Legislature to this appeal. Appellees allowed 20 days from service of Appellant's brief within which to file reply brief."

Act 509, *supra*, with the express provision that it is to be applied retrospectively, is obviously a curative act, designed to give the State Board of Optometry and similar regulating bodies the right to institute proceedings in the courts of this state to enjoin persons and corporations from the "unauthorized or unlawful practice of any profession, occupation, or calling."

If the said Act is to be given retrospective application, then we need not consider the action of the trial court in sustaining the pleas in abatement on the grounds (1) that the State Board of Optometry was without authority to sue in its own name, and (2) that injunction was not the proper remedy.

We have said that the legislature may, under the exercise of its police power for the protection of the public health and welfare, regulate the practice of optometry. McCrory v. Wood, 277 Ala. 426, 171 So.2d 241.

But we are confronted with the question as to whether the legislature could make the provisions of Act 509, *supra*, here pertinent, applicable to the instant litigation, which was pending in this court at the time said Act was enacted into law.

Section 95 of the 1901 Constitution of Alabama provides, in pertinent part, as

follows: "\* \* \* After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, *or destroy any existing defense to such suit.*" (Emphasis supplied)

We have held that the provisions of § 95, *supra*, which we have italicized above apply only to matters of substance and not to matters of form or to statutes which are remedial in nature. Skains v. Barnes, 168 Ala. 426, 53 So.2d 268; Fuqua v. Fuqua, 268 Ala. 127, 104 So.2d 925; Grand International Brotherhood of Locomotive Engineers v. Green, 210 Ala. 496, 98 So. 569.

█ We entertain the view that a retrospective application of the pertinent provisions of Act 509, *supra*, would not affect any vested right of any of the respondents below; that said Act is remedial in nature, applying to matters of form, not to matters of substance. Skains v. Barnes, *supra*; Grand International Brotherhood of Locomotive Engineers v. Green, *supra*; Fuqua v. Fuqua, *supra*; Cutter v. Waddingham, 33 Mo. 269; Berry v. Kansas City, Ft. S. & M. R. Co., 52 Kan. 759, 34 P. 805; Holyoke v. Haskins, 9 Pickering (Mass.) 259.

In § 2218, Sutherland Statutory Construction, 3d Ed., Vol. 2, pp. 144–145, it is said in part as follows:

"The general constitutional limitations against destruction of vested rights and impairment of contractual obligations operate on curative acts affecting courts, but no person has a vested right in a particular remedy for enforcement of a right, or in particular modes of procedure. The legislature may pass retroactive acts changing, eliminating, or adding remedies, so long as efficacious remedies exist after passage of the act. \* \* \* Curative acts affecting courts will apply to pending litigation."

The case of Bowles v. Strickland, 151 F.2d 419, is in some respects factually similar to the case at bar. There the Price Control Administrator brought suit against Strickland without the authority of the Secretary of Agriculture, although the federal law provided, in effect, that no such suit could be maintained by the Administrator or any other person without the prior approval of the Secretary of Agriculture. The United States District Court for the Middle District of Georgia granted Strickland's motion to dismiss the suit brought against him by Bowles, the Price Control Administrator, because said suit had been brought without the approval of the Secretary of Agriculture. The Administrator appealed to the United States Circuit Court of Appeals for the Fifth Circuit, asserting error on the part of the District Court for reasons not here necessary to discuss. The United States Circuit Court of Appeals, Fifth Circuit, reversed the District Court without considering the argument advanced for reversal by the appellant. The reversal was based on the ground that pending the appeal the Congress of the United States had enacted legislation which authorized the Price Control Administrator to institute such suits without the approval of the Secretary of Agriculture. We quote from the opinion of the United States Circuit Court of Appeals, Fifth Circuit, as follows:

"As this amendment did not affect substantive rights, but related only to the procedural machinery provided to enforce such rights, it applied to pending as well as to future suits. See 50 American Jurisprudence, page 505, Section 482. A suit in process of appeal (as this one was on June 20, 1944) is a pending suit. Bowles v. Hasting, 5 Cir., 146 F.2d 94. The necessary effect of the amendment was to authorize the prosecution of future suits under Section 205(e), and to ratify and approve the prosecution of pending suits, brought without the prior authorization of the Secretary. It is now settled that Congress has such remedial power. Charlotte Harbor & N. R. Co. v. Welles, 260 U.S. 8, 43 S.Ct. 3, 67 L.Ed. 100; Graham et al. v. Goodcell, 282 U.S. 409, 51 S.Ct. 186, 75 L.Ed. 415; Downs v. Blount, 5 Cir., 170 F. 15, 31 L.R.A.,N.S., 1076. The judgment ap-

**566**

pealed from must, therefore, be reversed and the cause remanded." (151 F.2d 420)

 We hold, therefore, that the legislature in making the provisions of Act 509, *supra,* retrospective did not run counter to the provisions of § 95 of our Constitution which we have italicized above.

Our holdings in Horton v. Carter, 253 Ala. 325, 45 So.2d 10; Land v. Cooper, 250 Ala. 271, 34 So.2d 313; and Goulding Fertilizer Co. v. Blanchard, 178 Ala. 298, 59 So. 485, are not controlling here.

In view of the provisions of Act 509, *supra,* which we have concluded apply to the litigation presently under consideration, we remand the cause to the Circuit Court of Montgomery County, in Equity, with direction to set aside its decree sustaining the pleas in abatement.

Remanded with direction.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.