19217

Patricia M. SINGLEY, Respondent, v. A. Earl SINGLEY, Jr. Appellant.

(181 S. E. (2d) 17)

*John Gregg McMaster, Esq., Tompkins, McMaster & Thomas,* of Columbia, *for Respondent-Appellant,*

*Herbert W. Louthian, Esq., Cromer, Louthian & Meeting,* of Columbia, *for Petitioner-Respondent,*

May 5, 1971.

BRAILSFORD, Justice.

This action for divorce was commenced by the wife in the Richland County Court on May 7, 1970. The complaint alleged, as ground for the relief sought, that the spouses had been continuously separated since April 28, 1967, a period of more than three years prior to the commencement of the action. The husband demurred to the complaint upon the ground, among others, that the action was prematurely brought, in that the 1969 amendment to the Constitution allowing a divorce upon this ground is prospective in operation and applies only to separations which continue for three years after its adoption. The court overruled the demurrer, and the husband has appealed upon appropriate exceptions.

Divorces are allowable in South Carolina by Article XVII, Section 3 of the Constitution, as amended in 1969, as follows:

"Divorces from the bonds of matrimony shall be allowed on the grounds of adultery, desertion, physical cruelty, *continuous separation for a period of at least three years* or habitual drunkenness."

The italicized words in the above quotation were interpolated by the 1969 amendment. Following this constitutional change, the ratifying legislature amended Section 20-101, Code of 1962, by adding as a ground of divorce continuous separation without cohabitation for a period of three continuous years. Act No. 170, Acts of 1969, Sec. 1. Section 2 of the amendatory act provides that the period of separation shall be computed "without regard to the effective date of this act or the ratification of the amendment to the Constitution permitting divorce on this ground."

The husband urges that the constitutional amendment is self-executing and prospective in its operation, only authorizing as ground for divorce continuous separation for a period of three years computed from and after March 5, 1969, the date on which the amendment became effective. Hence, the "retrospective provision" (authorizing computation of period of separation without regard to date of ratification) of the Act conflicts with the Constitution and is void. Reliance is upon the presumption generally indulged by courts that statutes or constitutional amendments are to be given prospective operation only unless a contrary intention clearly appears.

We are not persuaded that the decree appealed from involves a retrospective application of the amendment, which deals with a condition or state of affairs between spouses, rather than with a matrimonial offense referable to an antecedent date. When the bill was filed on May 7, 1970, the Constitution authorized a divorce upon the ground, *inter alia,* of continuous separation for a period of at least three years, and this was the very condition which existed between the parties to the bill on that date. The only constitutional limitation on separation of the spouses as a ground of divorce is continuity for a period of three years, inferably, immediately prior to the filing of the bill.. This limitation was met on April 28, 1970, three years after the parties separated, and the condition continued uninterrupted to the commencement of the action, more than fourteen months after ratification of the amendment. Since the state of affairs relied upon as a ground of divorce existed after ratification, in our view, the decree appealed from did not apply the amendment retroactively.

But even if we should conclude that retroactivity is involved, the result would be the same by the decided weight of authority and better reasoning with respect to this type ground of divorce. *Hagen v. Hagen,* 205 Va. 791, 139 S. E. (2d) 821, 23 A. L. R. (3d) 619 (1965); Annot., 23

A. L. R. (3d) 626 (1969). It would be incongruous to conclude that the legislature in proposing the amendment intended to allow continuous separation for three years as a ground of divorce to spouses who were living together on the date of ratification, but to require thirteen years of couples who had already demonstrated the hopelessness of their marriage by having been continuously separated for ten years on that date.

Furthermore, although the amendment is capable of self-execution, the legislature retains plenary power to enact any law relating to the subject of divorce not prohibited by the Constitution, and an act of the legislature will not be declared invalid unless its repugnancy to the Constitution is so clear as to be beyond reasonable doubt. *Nolletti v. Nolletti,* 243 S. C. 20, 132 S. E. (2d) 11 (1963). The language of the Constitution as amended precisely fits the facts of this case, and we find no conflict between its provisions and those of the implementing statute; manifestly, no such conflict appears to the exclusion of reasonable doubt.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.