(No. 60950.—

*In re* MARRIAGE OF RUSSELL CHARLES SEM-
MLER, Appellant, and PRISCILLA JEAN SEM-
MLER, Appellee.

*Opinion filed July 17, 1985.*

132

Goldsmith, Thelin, Schiller & Dickson, of Aurora (Richard D. Schiller and Bruce A. Brown, of counsel), for appellant.

William C. Murphy, Patrick M. Kinnally and Paul G. Krentz, of Murphy, Hupp, Foote & Mielke, of Aurora, for appellee.

JUSTICE MORAN delivered the opinion of the court:

This appeal arises out of a two-count petition for dissolution of marriage filed by the plaintiff, Russell Semmler. The defendant, Priscilla Semmler, moved to dismiss count II of the petition which relied upon section 401(a)(2) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 401(a)(2) (hereinafter referred to as the no-fault provision)). The trial court granted the motion, holding the no-fault provision to be unconstitutional as applied to this case. Although the dismissal did not affect count I of the dissolution petition, the trial court made the findings necessary for an interlocutory appeal under Supreme Court Rules 304 and 308 (87 Ill. 2d Rules 304, 308). Since the trial court declared the no-fault provision to be unconstitutional, plaintiff appealed directly to this court pursuant to Supreme Court Rule 302(a) (94 Ill. 2d R. 302(a)).

Two issues are raised on appeal: (1) Is the no-fault provision unconstitutional insofar as it purports to establish a substantive right retroactively? and (2) Does the no-fault provision unconstitutionally abrogate the defendant's right to a remedy in a prior judgment?

The parties were married in 1950. In 1979 plaintiff filed a dissolution petition, alleging mental cruelty. A trial was held, and on January 9, 1980, the trial court denied the relief sought in the petition. The judgment was affirmed on appeal on November 26, 1980. *In re*

*Marriage of Semmler* (1980), 90 Ill. App. 3d 649.

On July 2, 1984, plaintiff filed a new petition for dissolution. Count I of this petition alleged constructive desertion, and count II was based upon the no-fault provision, which had become effective on the previous day, July 1, 1984. The no-fault provision allows a dissolution if three criteria can be established: (1) the parties have been separated for at least two years; (2) irreconcilable differences have caused an irretrievable breakdown of the marriage; and (3) attempts at reconciliation have failed or future attempts at reconciliation would be impractical and not in the best interests of the family. (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 401(a)(2).) Plaintiff alleged a period of separation in excess of two years, but virtually all of the period occurred before the effective date of the no-fault provision.

On August 11, 1984, defendant moved to dismiss count II of the petition, claiming that plaintiff could not include, within the required period of separation, the time of separation prior to the effective date of the no-fault provision. To do so, defendant claimed, would be unconstitutional for two reasons: (1) it would be applying a substantive right retroactively, and (2) it would retroactively interfere with the vested rights she acquired when the 1979 dissolution petition was denied.

On September 4, 1984, the trial court heard the motion to dismiss and ruled that the no-fault provision was unconstitutional insofar as it allowed plaintiff to include, as part of the required period of separation, any period before July 1, 1984.

At the outset it is important to establish exactly which constitutional theory or theories are at issue here. At various points in her brief defendant refers to the no-fault provision as an *"ex post facto* law," but it is clear that neither the *ex post facto* clause of the United States Constitution (U.S. Const. art. I, sec. 10) nor the similar

clause in the Illinois Constitution (Ill. Const. 1970, art. I, sec. 16) is at issue here. The *ex post facto* clauses prohibit only *penal* measures with retroactive effect. (*Calder v. Bull* (1798), 3 U.S. (3 Dall.) 386; *Stein v. Howlett* (1972), 52 Ill. 2d 570, 584, *appeal dismissed* (1973), 412 U.S. 925, 37 L. Ed. 2d 152, 93 S. Ct. 2750; *Jewell v. Carpentier* (1961), 22 Ill. 2d 445, 451.) The no-fault provision is obviously not a penal measure.

Similarly, any argument based upon the State or Federal constitutions' impairment-of-contract clauses (U.S. Const. art. I, sec. 10; Ill. Const. 1970, art. I, sec. 16) is inapplicable. This court has specifically held that marriage contracts are not protected by the contract clause. *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 573.

The trial court relied on *Embree v. Embree* (1870), 53 Ill. 394, to find the no-fault provision unconstitutional. *Embree*, however, does not involve retroactive legislation and states no constitutional principle. In *Embree* the plaintiff filed a petition for divorce, alleging desertion for a period of "one year, ten months, and some days." (53 Ill. 394, 395.) At the time the statutory requirement for desertion was two years. The court held that the pleadings could not sustain an action for divorce based upon desertion since they did not allege the full two-year period. The court went on to conclude that the defect could not be corrected by amending the pleadings to include the additional period of desertion occurring subsequent to the filing of the initial pleading. The court decided that "[a] hearing can only be had on the grounds which exist when the suit is commenced. Subsequent grounds can not be incorporated into the case after the proceeding has been commenced." (53 Ill. 394, 396.) This holding, as a matter of procedure, has been superseded by the Code of Civil Procedure. (See Ill. Rev. Stat. 1983, ch. 110, par. 2—609, made applicable to dissolution-of-marriage proceedings via section 105 of the Illinois Mar-

riage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 105).) Even if the *Embree* procedure is still good law, the case has no relevance to the matter presently before this court.

Defendant also argues that retrospective legislation violates the due process clause of the Illinois Constitution (Ill. Const., art. I, sec. 2). Legislation with retrospective effect is indeed subject to due process limitations. However, *General Telephone Co. v. Johnson* (1984), 103 Ill. 2d 363, makes clear that retrospective legislation is not *necessarily* violative of due process. (103 Ill. 2d 363, 378-79.) Courts do not favor retrospective legislation, so there is a presumption that the legislature intended only prospective application of a law. (*United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 142.) However, when the legislature clearly intends a law to be applied retrospectively, it is the duty of the courts to so apply it, subject only to due process limitations. 32 Ill. 2d 138, 142.

There can be little question that the legislature intended for the no-fault provision to apply to periods of separation occurring prior to July 1, 1984. The language refers to a *state of affairs* between husband and wife, as opposed to section 401(a)(1) which lists specific culpable acts as grounds for dissolution of a marriage. The no-fault provision does not make separation a culpable act. In fact the legislative history makes it clear that the purpose of the separation period was to ensure that the family unit has already broken down, and to preserve the possibility of a reconciliation. (See 83d Ill. Gen. Assem., Senate Proceedings, May 27, 1983, at 229, 231, and November 3, 1983, at 57; 83d Ill. Gen. Assem., House Proceedings, October 20, 1983, at 100, and November 4, 1983, at 18.) This aim is satisfied regardless of whether or not the separation period occurred before or after the effective date of the statute. It would be in-

congruous to interpret the no-fault provision as requiring only two years in which to reconcile for spouses who separated subsequent to July 1, 1984, but to require a much longer period for spouses who separated prior to that date. See *Cassaro v. Cassaro* (1976), 50 Ohio App. 2d 368, 372-73, 363 N.E.2d 753, 757; *Singley v. Singley* (1971), 256 S.C. 117, 121, 181 S.E.2d 17, 18.

Moreover, any potential ambiguity has been removed by the legislature. Effective August 30, 1984, the legislature amended the no-fault provision to provide that, "[i]n computing the period during which the spouses have lived separate and apart for the purposes of this Section, periods during which the spouses were living separate and apart prior to July 1, 1984, are included." (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 401(a)(2).) Although this amendment did not become effective until after plaintiff's dissolution petition was filed, subsequent enactments may be used to help determine the original legislative intent. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 46; *People v. Bratcher* (1976), 63 Ill. 2d 534, 543; *People v. Scott* (1974), 57 Ill. 2d 353, 358.) The legislative history of the amendment mentions that its purpose was only to clarify how the legislature had always intended the no-fault provision to be applied. (See 83d Ill. Gen. Assem., House Proceedings, June 13, 1984, at 68, 69.) This conclusion is bolstered by the fact that both provisions were passed by the same sitting legislature within a short period of time.

In assessing the validity of retrospective legislation from a due process standpoint the question should not be whether the "rights" allegedly impaired are "vested" or "non-vested." This court in *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 575-76, considered the validity of a retrospective impairment of present, possessory property rights and held that the impairment of rights must be

balanced against the State's interest in retrospective application of the statute in question. As long as the statute in question is a legitimate exercise of legislative power the court is not to assess the wisdom of the legislative objectives, but must instead assess whether the retrospective impairment of private rights is a reasonable way in which to effect those objectives. 71 Ill. 2d 563, 576.

Similarly, in the *General Telephone Co.* case this court held that a retrospective tax measure violates due process only when " '*** its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.' " (*General Telephone Co. v. Johnson* (1984), 103 Ill. 2d 363, 379, quoting *Welch v. Henry* (1938), 305 U.S. 134, 147, 83 L. Ed. 87, 93, 59 S. Ct. 121, 126.) In making this determination the courts look at "the extent that the taxpayer changed its position in reasonable reliance on the prior law, whether the taxpayer had an opportunity to anticipate and avoid the loss resulting from the retroactive change, and the element of surprise (or degree of foreseeability) attributable to the enactment." 103 Ill. 2d 363, 379.

Applying these principles to the case at bar it is evident that the State interest outweighs the private interest involved. The State legislature has concluded that "no-fault" grounds for dissolution of a marriage are in the public interest, but has also concluded that the possibility of reconciliation should be protected by requiring at least two years' separation, when one party contests the dissolution. (Only six months' separation is required when the parties both agree to a dissolution (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 401(a)(2)).) The legislature intended the provision to apply to spouses who had already been separated for two years on the effective date of the statute, and denying this retrospective application of the separation period would in effect delay by two

years the effectuation of the legislature's legitimate objectives.

On the other hand, the private interest here—retention of marital status—is only slightly more impaired by the retrospective application of the separation period. Without retrospective application the defendant's marriage might still be dissolved at a later time, or at the present time on other grounds. Moreover, the defendant does not allege that she changed her position in reliance on the earlier law. Furthermore, the enactment of the no-fault provision was clearly foreseeable, since 48 States had previously enacted similar provisions. (See 83d Ill. Gen. Assem., Senate Proceedings, May 27, 1983, at 228, and November 3, 1983, at 56, 75-76; 83d Ill. Gen. Assem., House Proceedings, October 20, 1983, at 100.) Finally, the key elements which must be proved under the no-fault provision are the irretrievable breakdown of the marriage and the impracticability of reconciliation; the separation period is merely a procedural safeguard which allows the spouses time to reconcile. Defendant's separation from her husband does not automatically lead to a dissolution, and she can therefore still prevent the dissolution by proving that the marriage has not irretrievably broken down.

The separation period, therefore, is the type of "antecedent event" which this court held could be applied retrospectively in *Sipple v. University of Illinois* (1955), 4 Ill. 2d 593. In *Sipple* the legislature passed a statute revising the standards for licensing of certified public accountants. The statute mandated that an applicant's qualifications could be demonstrated by passing a specified test, regardless of whether the test had been administered before or after the effective date of the statute. The test itself was not the primary concern of the legislature but was merely a safeguard to ensure that certified public accountants possessed the required compe-

tency. The court therefore held that the test was merely an "antecedent event," and allowing accountants to qualify based upon a test administered prior to the effective date of the statute did not violate the constitutional rights of those accountants who had not taken or passed the test prior to the effective date of the statute. (4 Ill. 2d 593, 597-98.) Similarly, in the case at bar the legislature's primary concern was with demonstrating the breakdown of the marriage; the separation period is only a safeguard to ensure that the marriage has in fact broken down. As such the separation period must be viewed as an "antecedent event" as that term was used in *Sipple*.

In addition, we note that our holding that retrospective application of the required separation period is not unconstitutional is in accord with the overwhelming weight of authority from other jurisdictions. See, *e.g.*, *Fuqua v. Fuqua* (1958), 268 Ala. 127, 104 So. 2d 925; *Schuster v. Schuster* (1933), 42 Ariz. 190, 23 P.2d 559; *White v. White* (1938), 196 Ark. 29, 116 S.W.2d 616; *Moore v. Moore* (D.C. App. 1979), 398 A.2d 32; *Campbell v. Campbell* (1938), 174 Md. 229, 198 A. 414; *Gerdts v. Gerdts* (1936), 196 Minn. 599, 265 N.W. 811; *Cassaro v. Cassaro* (1976), 50 Ohio App. 2d 368, 363 N.E.2d 753; *Singley v. Singley* (1971), 256 S.C. 117, 181 S.E.2d 17; *McGinley v. McGinley* (Tex. Civ. App. 1956), 295 S.W.2d 913; *Hagen v. Hagen* (1965), 205 Va. 791, 139 S.E.2d 821.

Defendant also argues that even if retrospective application of the separation period is constitutional in general, it is unconstitutional as applied to her because it would divest her of certain rights she acquired in the earlier judgment dismissing the 1979 dissolution petition. We do not agree. The judgment on the 1979 petition established only that prior to 1979 no grounds for dissolution of defendant's marriage existed. We fail to see how

this judgment can give defendant any greater rights than any other currently married person. Collateral estoppel or *res judicata* might bar plaintiff from asserting grounds which were or could have been raised in the original action, but the no-fault provision did not exist in 1979. Also the alleged two years of separation in the instant case occurred entirely after judgment was entered on the 1979 petition. Therefore, the earlier judgment is irrelevant to the question of the constitutionality of the no-fault provision.

For the foregoing reasons we hold the no-fault provision to be a valid enactment. Accordingly, the judgment of the circuit court of Kane County dismissing count II of plaintiff's petition for dissolution of marriage is reversed, and the cause is remanded for further proceedings.

*Judgment reversed;*
*cause remanded.*

JUSTICE SIMON, specially concurring:

Although I agree that the result reached in this case is correct, I disagree with much of the reasoning stated in the majority opinion, and for that reason, I specially concur.

Application of the no-fault dissolution-of-marriage statute in this case violates no principles of either the Illinois or United States constitutions. There is no retroactive legislation involved here. All the court is doing is applying the law which is applicable at the time the case is decided.

When the law is changed, either during trial or during appeal, each court which decides a case must apply the law in effect at the time its decision is rendered (*United States v. Schooner Peggy* (1801), 5 U.S. (1 Cranch) 103, 110, 2 L. Ed. 49, 51) unless so doing interferes with a vested right (*Hogan v. Bleeker* (1963), 29 Ill.

2d 181, 187; *People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367) or violates the constitutional doctrine of separation of powers by interfering with the final decision of a reviewing court of this State (*In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 204). In this case, Mr. Semmler filed his petition for no-fault dissolution of marriage on July 2, 1984, one day after the no-fault provision became effective. There is no question that the new statute applies.

Inclusion in the required statutory two-year separation period of time before July 1, 1984, is not retroactive. The statute does not reach backward in time and declare that decrees of dissolution entered before July 1, 1984, can be allowed on grounds contained in the new statute. It simply states that as of July 1, 1984, in the case of a contested dissolution, parties who have been separated for two years are eligible for no-fault dissolution.

This court has previously upheld similar provisions involving antecedent time periods. In *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 284, the court held that a statutory provision governing the collection of maintenance arrearages was to be applied to arrearages that accumulated before the effective date of the statute (Ill. Rev. Stat. 1983, ch. 40, par. 706.1). In *In re Support of Matt* (1985), 105 Ill. 2d 330, 335, the court relied on *Logston* to hold similarly that the identical provision of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1983, ch. 40, pars. 1107.1(A)(1)(a), (A)(2)) also applied to arrearages which accumulated before the effective date of that act. The situation in this case is analogous. Separation periods which occurred before July 1, 1984, are to be considered in calculating eligibility for no-fault dissolution of marriage. In this case, the legislation at issue does not deprive anyone of any vested rights and does not violate the doctrine of separation of powers by inter-

fering with any prior decision of a reviewing court.

Mrs. Semmler's claim that our reversal of the circuit court's judgment deprives her of a vested right is in error. There is no common law right to dissolution of marriage; dissolution is entirely a statutory creation. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 60.) What the legislature creates, the legislature can amend or even withdraw, as long as so doing does not interfere with a vested right. No individual has a vested right to the continuation of any existing statutory scheme. *Cf. Schlenz v. Castle* (1981), 84 Ill. 2d 196, 208 (a taxpayer has no vested right in the continued existence of a taxing statute).

For these reasons, I concur in the reversal of the circuit court judgment and the remand in this case.