(No. 48645.—)

JAMES N. TEALE, Appellant, v. SEARS, ROEBUCK
AND COMPANY, Appellee.

*Opinion filed Nov. 15, 1976.—Rehearing denied Jan. 28, 1977.*

GOLDENHERSH, J., took no part.

Beermann, Swerdlove, Woloshin & Barezky, of Chicago (Miles N. Beermann, of counsel), for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (Burton Y. Weitzenfeld and Robert B. Hoffman, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The dominant question in this case is whether a civil action for damages exists for a violation of the statute which the parties refer to as the "Age Discrimination Act." (Ill. Rev. Stat. 1975, ch. 48, pars. 881-887.) The circuit court of Cook County dismissed a complaint based primarily upon an alleged violation of that statute, and the plaintiff's appeal was brought to this court under Rule 302(b).

The statute was enacted in 1967. Its full title is "An

Act to prohibit unjust discrimination in employment because of age and providing for penalties." Section 1 contains the following legislative declaration:

"(a) The General Assembly declares that the practice of discriminating in employment against properly qualified persons because of their age is contrary to American principles of liberty and equality of opportunity, deprives the State of the fullest utilization of its capacities for production and endangers the general welfare.

(b) Hiring bias against workers over 45 years of age deprives the State of its most important resource of experienced employees, adds to the number of persons receiving public assistance and deprives older people of the dignity and status of self-support.

(c) The right to employment otherwise lawful without discrimination because of age, where the reasonable demands of the position do not require such an age distinction, is hereby recognized as and declared to be a right of all the people of the State which shall be protected as provided herein.

(d) It is hereby declared to be the policy of the State to protect the right recognized and declared in paragraph (c) of this Section and to eliminate all such discrimination to the fullest extent permitted. This Act shall be construed to effectuate such policy." (Ill. Rev. Stat. 1975, ch. 48, par. 881.)

Section 4 provides:

"It is an unlawful employment practice for an employer:

(1) to refuse to hire, to discharge, or otherwise to discriminate against any individual with respect to his terms, conditions or privileges of employment, otherwise lawful, because of such individual's age ***." (Ill. Rev. Stat. 1975, ch. 48, par. 884.)

Section 7 provides:

"Any person who wilfully fails, neglects or refuses to comply with this Act shall be guilty of a petty offense and fined not less than $50 nor more than $100 for each such offense." Ill. Rev. Stat. 1975, ch. 48, par. 887.

The complaint alleges that the plaintiff, James N. Teale, was employed by the defendant, Sears, Roebuck

and Company, in 1946. His varied activities as an employee during the intervening years until January 1, 1975, are described, and the description indicates progressively increasing responsibility until in 1970 he was the national buyer of audio accessories and repair parts. His work was always done in a manner satisfactory to the defendant. On November 11, 1974, he was informed that his position would be eliminated, and he was involuntarily retired on January 31, 1975, at the age of 56 years. It is alleged that "the job performed by Plaintiff immediately prior to his involuntary retirement and those functions performed by him for the twenty-seven years he was in Defendant's employ continue to be performed for the Defendant company except that they are now performed by a person younger than Plaintiff."

The complaint charges that the conduct of the defendant violated the "Illinois Age Discrimination Act" and inflicted upon the plaintiff actual damage in the amount of $400,000 through loss of salary, profit sharing, pension and hospitalization benefits, as well as physical and emotional distress and damage to his reputation. The complaint prays for compensatory damages in the sum of $1,000,000, as well as punitive damages in the same amount.

No question has been raised as to the constitutionality of the statute, and the case has been submitted in this court upon the assumption that the allegations of the complaint are sufficient to charge that the plaintiff's employment was terminated "solely because of his age." We proceed upon that assumption.

The Act does not expressly authorize a civil action for damages. It is the plaintiff's position, however, that the right to such a remedy should be implied, since the facts alleged in his complaint meet the conditions mentioned in *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, as those under which a civil cause of

action may be implied from a criminal statute. The court there said: "When a statute is enacted for the protection of a particular class of individuals, a violation of its terms may result in civil as well as criminal liability, even though the former remedy is not specifically mentioned therein." (6 Ill. 2d 152, 155.) The plaintiff also refers to decisions of the Supreme Court of the United States and of other States in support of his position. See *Cort v. Ash* (1975), 422 U.S. 66, 45 L. Ed. 2d 26, 95 S. Ct. 2080, and cases there cited; *Pompey v. General Motors Corp.* (1971), 385 Mich. 537, 189 N.W.2d 243; contra, *Johnson v. United States Steel Corp.* (1964), 348 Mass. 168, 202 N.E.2d 816.

We find the plaintiff's argument unacceptable. In its declaration of legislative policy, the General Assembly stated that the right which the present statute created "shall be protected as provided herein." This internal restriction strongly militates against, if indeed it does not preclude, expansion of the statutory sanction by implication. And when we look beyond the terms of this statute and examine the civil remedies which the General Assembly has expressly provided for other types of discrimination, the restrictive inference that flows from the language of the statute itself becomes conclusive. Some of the variant forms of sanction are these:

Discrimination in employment under contracts for public buildings or public works on account of race, color, sex or national origin is prohibited, and a violation is a Class B misdemeanor. The statute also specifically provides for recovery (apparently in the same amount as the criminal fine) in a civil action brought by the aggrieved person. Ill. Rev. Stat. 1973, ch. 29, pars. 21, 22.

Any official or operator of any public place of accommodation or amusement who discriminates against any person by reason of race, religion,

color, national ancestry or physical or mental handicap is guilty of a Class B misdemeanor and is specifically made liable to the person aggrieved for not less than $100 nor more than $1,000 to be recovered in a civil action. Additional remedies by way of injunction and abatement of nuisance are also provided. Ill. Rev. Stat. 1973, ch. 38, pars. 13—1 through 13—4.

Any hospital which has been adjudicated to have denied admission to any person because of race, color or creed, loses its exemption from taxation. Ill. Rev. Stat. 1973, ch. 120, par. 500.7.

Any member of a school board, superintendent, principal or other school officer who seeks information concerning the color, race, nationality, religion or religious affiliation of any person in connection with his employment or assignment, is liable to a penalty of not less than $100 nor more than $500 to be recovered by the person aggrieved in a civil action, and in addition is guilty of a Class B misdemeanor. Ill. Rev. Stat. 1973, ch. 122, par. 24—4.

The carefully limited civil remedies authorized by these statutes demonstrate, in our opinion, that it would be incongruous to derive by implication a right to recover unlimited damages for a violation of this statute.

Count II of the complaint incorporates the allegations of count I, and seeks the same relief. It is based on an alleged breach of a contract of employment. The terms of the contract are not stated, and no copy of a written contract is attached to the complaint. On both grounds the count fails to state a cause of action. To escape the barrier of the Statute of Frauds, the plaintiff relies upon statements to the effect that the Statute does not apply to an executed contract. The cases in which those statements were made, however, involved claims for compensation for

work already performed prior to the termination of the contract. There is no such claim in this case.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.