**Hugh L. WILLIS, Plaintiff,**

v.

**BERGER TRANSFER & STORAGE, INC., a Corporation, and Allied Van Lines, Inc., a Delaware Corporation, Defendants.**

**No. 81 C 2885.**

United States District Court, N. D. Illinois, E. D.

Dec. 17, 1981.

---

**9.** Table Talk [1689] Equity.

Alan Barinholtz, Chicago, Ill., for plaintiff.

Andres R. Clark, Minneapolis, Minn., for Berger.

Richard A. Kerwin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, Hugh L. Willis, brought this action against his former employer, Berger Transfer & Storage, Inc. ("Berger"),[1] alleging that he was fired in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). Jurisdiction is grounded upon 29 U.S.C. § 626(b) and 28 U.S.C. § 1337. The matter is currently before the Court on Berger's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] For the reasons set forth below, Berger's motion will be denied.

Willis began working for Berger as a salesman in 1967 and he was employed by

1. Although originally named as a defendant herein, Allied Van Lines has been dismissed from this action.

2. In support of a summary judgment motion, the moving party has the burden of showing that there is no dispute as to any genuine issue of fact material to a judgment in its favor as a matter of law. *Cedillo v. International Associ-* *ation of Bridges and Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir. 1979). The non-moving party is entitled to all inferences reasonably made in its favor from the evidence presented. *Id.* at 11; *Moutoux v. Gulling Auto Electric, Inc.*, 295 F.2d 573, 576 (7th Cir. 1961).

Berger in that capacity until he was discharged on April 15, 1980. On July 10, 1980, within 180 days of the alleged discrimination, Willis filed a charge with the Equal Employment Opportunity Commission ("EEOC"), pursuant to 29 U.S.C. § 626(d),[3] alleging that Berger wilfully dismissed him solely due to his age. Willis also alleged that Berger discriminated against him by treating younger salespersons more favorably than Willis during the last five years of his employment with the company. Willis subsequently filed this action on May 22, 1981, more than sixty days after filing with the EEOC. 29 U.S.C. § 626(d).

■ Berger contends this Court lacks subject matter jurisdiction over this matter because Willis failed to file a charge of age discrimination with the appropriate state agency before filing with the EEOC as required under the ADEA. Section 14(b) of the ADEA, 29 U.S.C. § 633(b),[4] requires aggrieved employees to wait sixty days after commencing state proceedings before filing a § 626 suit, unless such state proceedings have been earlier terminated. That section, however, contains two qualifications: (1) there must be a state law prohibiting age discrimination; and (2) there must be a state authority charged with granting or seeking relief from such discrimination. When these two requirements are satisfied, the employee's state is deemed a "deferral state" and he or she is required to present an age discrimination charge to the state agency before proceeding in a federal forum. Illinois was not a deferral state when the alleged age discrimination occurred. *Goodman v. Board of Trustees of Community College District 524*, 498 F.Supp. 1329, 1335 (N.D.Ill.1980); *Bertrand v. Orkin Exterminating Company, Inc.*, 419 F.Supp. 1123, 1127–28 (N.D.Ill.1976); *see also Teale v. Sears, Roebuck & Company*, 66 Ill.2d 1, 5–6, 3 Ill.Dec. 834, 359 N.E.2d 473 (1976). However, on July 1, 1980, ten days before Willis filed his complaint with the EEOC, a new Illinois law providing a statutory vehicle for relief to victims of age discrimination went into effect thereby transforming Illinois into a deferral state. *See* the Illinois Human Rights Act ("Act"), Ill.Rev.Stat. ch. 68, ¶ 1–101 *et seq.* This Act provides for the filing of a charge with the Illinois Department of Human Rights ("IDHR") within 180 days of the alleged age discrimination. *Id.* at ¶ 7–102(A).

Although Berger acknowledges that the Act was not in effect when the alleged discrimination occurred, it contends that since Willis could have filed with IDHR up to ten days before he filed with the EEOC. Since this filing would have satisfied the Act's 180-day requirement, Berger contends that Willis has failed to satisfy the § 633(b) requirement of filing with the appropriate state agency and is, therefore, precluded from bringing this action. Furthermore, it is argued[5] that since over 300 days have passed since the alleged discriminatory act, Willis is now barred by § 626(d)(2) from vindicating his civil rights in federal court,

---

**3.** Section 7(d) of the ADEA, 29 U.S.C. § 626(d), provides in pertinent part:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary [of Labor]. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which § 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

**4.** 29 U.S.C. § 633(b) provides in relevant part:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided*, That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law.

**5.** This argument is also based on the assumption that § 633(b) is the operative statute in Willis' situation.

even if the State of Illinois were to waive its 180-day requirement.

Berger's argument effectively asks the Court to give retroactive application to the Illinois Act. At the time Willis' cause of action arose on April 15, 1980, he was under no obligation to file a charge with any state agency because the Act was not effective until July 1, 1980. As of April 15, 1980, Willis was only required to file a charge of age discrimination with the EEOC and then wait at least sixty days before bringing the current action. Willis subsequently satisfied both of these statutory requirements. Berger now contends that Willis was required to submit to another procedural hurdle, imposed after his right to sue in this Court had vested. In effect this would give retroactive application to the Illinois law since it would materially change Willis' rights and obligations as they existed before the Act became effective. *United States Steel Credit Union v. Knight*, 32 Ill.2d 138, 142, 204 N.E.2d 4 (1965); *McAleer Buick-Pontiac Company v. General Motors Corporation*, 95 Ill.App.3d 111, 112, 50 Ill.Dec. 500, 419 N.E.2d 608 (4th Dist. 1981).

Illinois courts have consistently held that an Illinois statute will always be given prospective application unless there is a clear expression of legislative intent to the contrary. *See, e.g., Zimmerman Brush Company v. Fair Employment Practices Commission*, 82 Ill.2d 99, 108–09, 44 Ill.Dec. 308, 411 N.E.2d 277 (1980). Moreover, the Illinois Supreme Court has expressly held that the Human Rights Act is not retroactive. *Id.; Hernandez v. Department of Labor*, 83 Ill.2d 512, 519–20, 48 Ill.Dec. 232, 416 N.E.2d 263 (1981). Although a statute is not deemed retroactive merely because it draws upon antecedent events for its operation under some circumstances, *see, e.g.,*

*Sipple v. University of Illinois*, 4 Ill.2d 593, 597, 123 N.E.2d 722 (1955), Berger has adduced no authority to support its proposition that a requirement that an aggrieved employee file with IDHR for all discriminatory acts that occurred up to six months before the Act became effective on July 1, 1980, would not be applying the Act retroactively.[6]

Indeed, we seriously doubt that the Illinois legislature intended that victims of age discrimination on January 1, 1980, who subsequently filed with the EEOC, must scramble to file a charge with IDHR on July 1, 1980, so as to protect their right to a federal forum. Such an interpretation of the Act would impose difficult, impractical and often impossible filing requirements upon the aggrieved employees, severely undermining the Act's overriding purpose of insuring that employment discrimination be promptly redressed. Victims of age discrimination between January 1 and July 1, 1980, should at least have the option of pursuing their claim in either a federal or state forum, if the Act indeed applies at all to alleged discriminatory behavior occurring during that period.[7]

Accordingly, Berger's motion for summary judgment is denied. It is so ordered.

---

**6.** *Mohasco Corporation v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), upon which Berger relies heavily, is inapposite because the state involved in that case was a deferral state *prior* to the time the alleged discrimination occurred.

**7.** Of course, it is unnecessary to the resolution of the instant dispute to determine whether an employee *could* have filed a charge with IDHR for alleged discrimination that occurred during this period. We hold only that an employee in that situation was not required to file such a charge as a predicate to vindicating his or her rights in federal court.