HAROLD C. DYKSTRA, Plaintiff-Appellant, *v.* CRESTWOOD BANK, Defendant-Appellee.

First District (3rd Division)   No. 82—996

Opinion filed September 7, 1983.

Michael D. Walsh, of Gierach & Schussler, Ltd., of Oak Lawn, for appellant.

Thomas K. McQueen, of Chicago (Jenner & Block and Vincent J. Biskupic, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Harold C. Dykstra, appeals from the final order of the circuit court of Cook County which dismissed his amended complaint against defendant, Crestwood Bank. The principal issue raised on appeal is whether plaintiff's amended complaint states a cause of action in tort for retaliatory discharge.

Dykstra's amended complaint contains two counts. Count I al-

leges: that prior to April 9, 1979, incorporators of Crestwood Bank offered Dykstra a job as "Vice-President and Cashier" and agreed to pay him $18,000 per year and to provide insurance coverage for him and his family; that on April 9, 1979, he accepted the offer; that he began his employment as vice-president and cashier on May 1, 1979; that during the period of his employment, Crestwood Bank was being organized under the laws of the State of Illinois; that on August 8, 1979, Crestwood Bank received approval from the State of Illinois to begin its business as an Illinois Banking Corporation; that on August 9, 1979, Crestwood Bank "unlawfully, wrongfully, without just cause and in bad faith" discharged him; that Crestwood Bank "unlawfully and wrongfully discharged [him] because of his age (63), which is in violation of the stated public policy of the State of Illinois, as is embodied in Section 881 *et seq.* of Chapter 48 of the Illinois Revised Statutes"; and that he has been compelled to accept employment for substantially lower pay. In the prayer for relief in this count, Dykstra asks for compensatory damages in excess of $15,000, $100,000 in punitive damages, and an order reinstating him to his former position.

Count II realleges those allegations of the first count regarding the offer of employment to Dykstra and the acceptance of that offer by him. It also alleges: that as a result of the actions of the parties, an oral contract of employment existed between Dykstra and Crestwood Bank; that the employment contract contained implied covenants that Crestwood Bank would act in good faith and that the bank would not discharge Dykstra without good cause; that on August 9, 1979, Crestwood Bank "unlawfully, wrongfully, without just cause and in bad faith" discharged him; that because of its action, Crestwood Bank breached its implied covenant of good faith; and that he has been compelled to accept employment for substantially lower pay. The prayer for relief contained in count II is identical to the prayer for relief in count I.

■ Crestwood Bank filed a motion to dismiss the amended complaint, and after a hearing on the motion, the circuit court entered an order which dismissed with prejudice the amended complaint. The circuit court reasoned that *Teale v. Sears, Roebuck & Co.* (1976), 66 Ill. 2d 1, 359 N.E.2d 473, "controls the issue of whether a private right of action for retaliatory discharge for an alleged firing due to age exists under the Age Discrimination Act, ch. 48, Ill. Rev. Stat. secs. 881 *et seq.*" and that since *Teale* "held that no such private right of action exists, the instant complaint must be dismissed." We also believe that our supreme court's decision in *Teale* compels the conclusion that an employee cannot maintain an action in tort for retaliatory discharge

for a discharge in violation of the public policy set forth in the Age Discrimination Act.

Section 1 of the Age Discrimination Act (Ill. Rev. Stat. 1979, ch. 48, par. 881, repealed by Pub. Act 81—1216) contained the following declaration of public policy:

"(a) The General Assembly declares that the practice of discriminating in employment against properly qualified persons because of their age is contrary to American principles of liberty and equality of opportunity, deprives the State of the fullest utilization of its capacities for production and endangers the general welfare.

(b) Hiring bias against workers over 45 years of age deprives the State of its most important resource of experienced employees, adds to the number of persons receiving public assistance and deprives older people of the dignity and status of self-support.

(c) The right to employment otherwise lawful without discrimination because of age, where the reasonable demands of the position do not require such an age distinction, is hereby recognized as and declared to be a right of all the people of the State which shall be protected as provided herein.

(d) It is hereby declared to be the policy of the State to protect the right recognized and declared in paragraph (c) of this Section and to eliminate all such discrimination to the fullest extent permitted. This Act shall be construed to effectuate such policy."

Section 4 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 884, repealed by Pub. Act 81—1216), made it an unlawful employment practice for an employer to discharge any individual because of his age, when the reasonable demands of the position did not require such an age distinction, and section 7 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 887, repealed by Pub. Act 81—1216) provided that "[a]ny person who wilfully fails, neglects or refuses to comply with this Act shall be guilty of a petty offense and fined not less than $50 nor more than $100 for each offense."[1]

In *Teale*, our supreme court held that a discharged employee had no cause of action for damages for discharge from employment in violation of the Age Discrimination Act. The court noted that the Act

---

[1]The Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 1—101 *et seq.*), which was approved by Public Act 81—1216, now provides protection for employees who are victims of age discrimination.

did not expressly authorize a civil action for damages and quoted section 7 of the Act, which provided a criminal penalty for violation of the Act. In holding that no civil action for damages existed for a violation of the statute, the court reasoned:

"In its declaration of legislative policy, the General Assembly stated that the right which the present statute created 'shall be protected as provided herein.' This internal restriction strongly militates against, if indeed it does not preclude, expansion of the statutory sanction by implication. And when we look beyond the terms of this statute and examine the civil remedies which the General Assembly has expressly provided for other types of discrimination, the restrictive inference that flows from the language of the statute itself becomes conclusive." 66 Ill. 2d 1, 5.

Dykstra contends that *Teale* is distinguishable. He argues that because Illinois first recognized a cause of action in tort for retaliatory discharge in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, and the supreme court's opinion in *Kelsay* was filed nearly two years after its opinion in *Teale* was filed, the cause of action upon which count I of the amended complaint is based did not exist and was not available to the plaintiff in *Teale*. Thus, according to Dykstra, *Teale* is clearly distinguishable. We disagree. In *Kelsay*, our supreme court held that an employee whose employment had been terminated as retaliation for filing a workmen's compensation claim had a cause of action for retaliatory discharge. In reaching this conclusion, the court purported to distinguish *Teale* on the basis of language in the Age Discrimination Act which declared that the right to employment without discrimination because of age "shall be protected as provided herein." (See *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 185-86.) According to our supreme court, there was no language in the Workmen's Compensation Act which precluded an action for retaliatory discharge. (See *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 184.)[2] Since our supreme court distinguished, rather than over-

---

[2] In *Kelsay*, the employer argued that the exclusivity provision of section 11 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.11), which provides that the provisions of the Act "shall be the measure of the responsibility of any employer," precluded an action for retaliatory discharge. Our supreme court disagreed for two reasons:

"First, that section was meant to limit recovery by employees to the extent provided by the Act in regard to work-related injuries, and was not intended to insulate the employer from independent tort actions. Second, we cannot accept a construction of section 11 which would allow employers to put employ-

ruled *Teale,* we are bound by that decision. In our opinion, *Teale* prevents Dykstra from maintaining a cause of action in tort for retaliatory discharge based upon the public policy embodied in the Age Discrimination Act, because in announcing that public policy, the legislature specifically restricted the remedies available for violation of that public policy. The statement by our supreme court in *Teale* that "it would be incongruous to derive by implication a right to recover unlimited damages for a violation of this statute" is dispositive of this issue. 66 Ill. 2d 1, 6.[3]

■ Dykstra also contends that *Teale* should not affect the viability of his cause of action because his original complaint was filed after the effective date of the repeal of the Age Discrimination Act. Relying on *Blough v. Ekstrom* (1957), 14 Ill. App. 2d 153, 160-61, 144 N.E.2d 436, he argues that if statutorily created actions are abated by repeal, any restrictions imposed on Dykstra's cause of action necessarily abated with the repeal. We observe that Dykstra did not make this argument in his initial brief in this court and that he raised it for the first time on appeal in his reply brief. Thus, he has waived this point. (See 87 Ill. 2d R. 341(e)(7).) Moreover, we note that count I of Dykstra's amended complaint relies upon the public policy stated in the Age Discrimination Act in attempting to state a cause of action for retaliatory discharge. Assuming that the effect of the repeal of the Act was to obliterate the Act as completely as if it had never been passed (See *Blough v. Ekstrom* (1957), 14 Ill. App. 2d 153, 160-61), then the amended complaint failed to allege the existence of a clear public policy, which is a necessary element of a cause of action for retaliatory discharge. See *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 131, 421 N.E.2d 876.

Dykstra's last argument is that *Teale,* if applicable, would only affect count I of the amended complaint. According to him, count II states a cause of action for breach of the implied covenant of good faith contained in an oral contract of employment between Dykstra and Crestwood Bank. Once again, we observe that this issue was not

---

ees in a position of choosing between their jobs and seeking their remedies under the Act. *** Accordingly, we feel it is improper to interpret section 11 in the manner suggested by the employer." *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 184.

[3]We note that in an opinion subsequent to *Kelsay,* our supreme court followed its decision in *Teale,* holding that at the time covered by the complaint involved in that case, a private cause of action could not be maintained under the Retail Installment Sales Act (Ill. Rev. Stat. 1973, ch. 121½, par. 501 *et seq.*). *Hoover v. May Department Stores Co.* (1979), 77 Ill. 2d 93, 97, 395 N.E.2d 541.

raised in Dykstra's original brief and that he raised it for the first time on appeal in his reply brief. Thus, this issue has also been waived. Even if the issue had not been waived, however, we believe that count II was properly dismissed for failure to state a cause of action.

•3 While every contract implies good faith and fair dealing between the parties to it (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 286, 154 N.E.2d 683; *Criscione v. Sears, Roebuck & Co.* (1978), 66 Ill. App. 3d 664, 668, 384 N.E.2d 91), count II of the amended complaint contains no factual allegations giving any indication of bad faith dealing on the part of Crestwood Bank. It merely states the conclusory allegation that Crestwood Bank "unlawfully, wrongfully, without just cause and in bad faith" discharged him. Count II does not even allege that there was a breach of the implied covenant of good faith because Dykstra was discharged on the basis of his age. This, in our opinion, was a fatal deficiency. (See *Criscione v. Sears, Roebuck & Co.* (1978), 66 Ill. App. 3d 664, 668-69.) Moreover, we are reluctant to create an exception sounding in contract to the general rule that an at will employment is terminable at any time for any or no cause that would be broader than the exception to that rule created by our supreme court when it recognized the tort of retaliatory discharge.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, P.J., and McGILLICUDDY, J., concur.