**Wonda ENIS, Plaintiff,**

v.

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO and Continental Illinois Corporation, Defendants.**

**No. 83 C 7429.**

United States District Court,
N.D. Illinois, E.D.

April 10, 1984.

Daniel S. Mathless, Baum, Glick & Wertheimer, P.C., Chicago, Ill., for plaintiff.

James W. Gladden, Jr., Judith M. Janssen, Mayer, Brown & Platt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BUA, District Judge.

This action is brought by Wonda Enis (Enis) against her former employer, Continental Illinois National Bank & Trust Company of Chicago and Continental Illinois Corporation (collectively referred to herein as "Continental"). Counts I and II of the complaint allege employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and 42 U.S.C. § 1981 (§ 1981). Count III alleges breach of an employment contract based upon provisions of an employee handbook and is a pendent state law claim. Before this Court is Continental's motion to dismiss Count III of Enis' complaint for failure to state a claim

upon which relief can be granted. Continental alternatively requests this Court to deny pendent jurisdiction of Count III. For the reasons stated herein, Continental's motion to dismiss Count III of Enis' complaint for failure to state a claim upon which relief can be based is granted.

### I.

Continental Bank is a federally chartered national banking institution with its principal offices in Chicago, Illinois. It is a wholly-owned subsidary of Continental Corporation, a holding company chartered by the United States Federal Reserve Bank.

Enis is a resident of Chicago, Illinois and is a member of the black race. She was employed by Continental as a remittance banking supervisor from November, 1980 to January, 1983, when she was discharged from her position.

In Count I, which is based on Title VII, Enis alleges that her race was a determining factor in her discharge. In Count II, based on § 1981, she alleges that the decision to discharge her was consciously and intentionally motivated by racial considerations. As to both Counts, Enis alleges that she has suffered economic damages and, as to Count II, that she has sustained mental and emotional suffering and distress as a result of her discharge. She also alleges that she has fulfilled all conditions precedent to the filing of the Title VII claim. As to both Counts she seeks reinstatement to her position at Continental as well as back pay, prejudgment interest, and attorneys' fees.

Count III of Enis' complaint is a pendent state law claim based on breach of an employment contract. Enis alleges that in approximately November, 1980, she and Continental entered into an employment agreement. She claims that the employment agreement consisted of written and verbal provisions, a portion of which required the parties to conform their conduct within the employee-employer relationship to guidelines set out in the employee hand-

book. The complaint includes a copy of selected guidelines which require that at least two weeks' written notice be given prior to employee termination along with supporting documentation of unsatisfactory performance, attitude, or attendance, and warnings by division managers prior to an employee's dismissal by Continental. The guidelines provide exceptions for employee dismissal due to serious situations such as insubordination, dishonesty, and drug use.

Enis alleges that Continental breached the employment agreement when it dismissed her for a relatively minor offense, for which Enis denies wrongdoing, without giving prior appropriate notice. She claims that Continental has refused her demand for reinstatement and back pay and characterizes such refusal as unreasonable and vexatious. As to this Count, Enis also alleges economic damages and seeks compensatory damages, prejudgment interest, attorneys' fees and costs.

Continental has moved to dismiss Count III of Enis' complaint for failure to state a claim upon which relief can be granted. It claims there is no basis in Illinois law for a breach of contract claim based upon provisions of an employee handbook. In the alternative, defendant alleges that the state law claim in Count III does not share a common nucleus of operative fact with the Title VII and § 1981 claims of Counts I and II, and that therefore, no basis for pendent jurisdiction exists. The contentions of Continental regarding dismissal of Count III will be discussed seriatim.

## II.

In its motion to dismiss, Continental first contends that contrary to Enis' allegations, Illinois law does not provide for a breach of contract claim based upon provisions of an employee handbook. This Court agrees.

A motion to dismiss for failure to state a claim upon which relief can be based is governed by Fed.R.Civ.P. 12(b)(6). For purposes of such a motion, all well pleaded allegations of fact are deemed admitted with all questions of reasonable doubt re-

solved in favor of the pleader. *See Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *Burns v. Paddock,* 503 F.2d 18, 25 (7th Cir.1974). Dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

▪ Under Illinois law, an employment contract, whether written or oral, which is of no specific duration is considered an at-will contract and may be terminated by either the employer or the employee, with or without cause, subject only to independent contractual or statutory provisions. *Rynar v. Ciba-Geigy Corp.,* 560 F.Supp. 619, 642 (N.D.Ill.1983); *Sargent v. Illinois Institute of Technology,* 78 Ill.App.3d 117, 121, 33 Ill.Dec. 937, 397 N.E.2d 443 (1st Dist.1979). In Count III, Enis complains only of violations of terms contained within the contract and not of statutory violations, which are addressed in the first two counts. Thus, in order to resolve the motion to dismiss Count III, it must first be determined just what comprises the contract. Specifically, the Court must consider whether the employee handbook altered the at-will relationship between the parties.

▪ In Illinois, the general rule is that an employment handbook is not part of an employment contract. *Rynar,* 560 F.Supp. at 624; *Sargent,* 78 Ill.App.3d at 121–122, 33 Ill.Dec. 937, 397 N.E.2d 443. Illinois views the employee handbook as a gratuity which merely serves as a code of conduct and to define general duties. The handbook does not alter the at-will relationship even if it was given to the employee when hired and both employer and employee agreed to follow the handbook provisions. *Id.*

▪ Illinois recognizes two exceptions to this general rule. The first exception occurs where the handbook is adopted as a modification of a pre-existing employment contract and sufficient consideration exists

to create mutuality of obligation. *Carter v. Kaskaskia Community Action Agency,* 24 Ill.App.3d 1056, 1059, 322 N.E.2d 574 (1974).

In *Carter,* the plaintiff employee began working for the defendant employer in 1967 and was terminated in 1972. No written employment contract existed. In 1971, the defendant employer compiled a "Personnel Policy Manual" which included provisions for grievances and disciplinary action including dismissal and review. The Manual was reviewed and accepted by employees. The board of directors of the defendant employer also approved the Manual.

The *Carter* court found that the Manual became part of the employment contract as a modification of the existing at-will employment contract. In support thereof, the court noted that the Manual was adopted after the employee was hired, that the employee had accepted the Manual, and that the employee's continuing to work after the modification constituted assent to and consideration for the modification of the existing contract. *Id.*

The allegations of Enis in Count III of her complaint do not trigger application of this exception. Unlike in *Carter,* the employee handbook in the case at bar was given to Enis at the time she became employed by Continental. There was no modification of a pre-existing employment contract. In addition, as was the case in *Sargent,* the guidelines in the handbook in the case at bar were not bargained for but merely defined the duties of the employee's position. By accepting the handbook, Enis merely agreed to properly perform her required duties and nothing more. As Enis did not provide additional consideration to support the discharge procedures set out in the handbook, the handbook did not rise to the level of a mutually enforceable agreement. *See Sargent,* 78 Ill.App.3d at 122, 33 Ill.Dec. 937, 397 N.E.2d 443.

▓ The second exception to the general rule occurs where another document exists which can be construed as an express employment contract and the contract can be construed as subject to the "policies" of the employer. In this situation, the personnel policies contained in an employee handbook will be deemed incorporated into the contract. *Piper v. Board of Trustees of Community College District No. 514,* 99 Ill. App.3d 752, 55 Ill.Dec. 287, 426 N.E.2d 262 (1981); *Rynar v. Ciba-Geigy Corp.,* 560 F.Supp. 619, 624 (1983).

The second exception is inapplicable to the case at bar. Enis makes no allegations about a separate written employment contract and attaches no written contract to her pleadings. She merely alleges that the written portion of her contract was the handbook itself. Clearly, there is no written employment contract into which the employee handbook could be incorporated.

▓ Since neither of the exceptions applies to Enis' situation, the employee handbook does not have contractual status. Thus, an at-will employment relationship exists between Enis and Continental. Count III thus fails to state a claim upon which relief can be granted since it is based upon the employee handbook which does not rise to the status of a contract.

## III.

▓ Defendant's argument that pendent jurisdiction does not exist over the state law claims of Count III is without merit. Each Count of the complaint arises from the same fact situation in that each involves the employment relationship and the same conduct or types of conduct on the part of the parties. Clearly, each claim and hence each Count arises from the same common nucleus of operative fact. *See Gibbs v. United Mine Workers,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Goodman v. Board of Trustees,* 511 F.Supp. 602, 604–5 (N.D.Ill.1981).

## CONCLUSION

For the reasons set out herein, it is clear that Count III of Enis' complaint fails to state a claim upon which relief can be

based. Continental's motion to dismiss Count III is therefore granted.

IT IS SO ORDERED.