**Thomas RING, Plaintiff,**

v.

**R.J. REYNOLDS INDUSTRIES INC., a corporation, Defendant.**

**No. 84 C 3208.**

United States District Court, N.D. Illinois, E.D.

Nov. 27, 1984.

Gerard C. Heldrich, Jr., Chicago, Ill., for plaintiff.

David J. Parsons, Matkov, Griffin, Parsons, Salzman & Madoff, Chicago, Ill., for defendant.

## Memorandum

LEIGHTON, District Judge.

Plaintiff, Thomas Ring brings this diversity action to recover damages for his alleged wrongful discharge as an employee of defendant, R.J. Reynolds Industries. The cause is before the court on defendant's motions to dismiss and for an award of attorneys' fees and costs. For the following reasons, both motions are granted. The facts as alleged, and taken as true for the purpose of these motions, are as follows.

### I

Plaintiff began working for defendant in 1969 as a salesman and was continually employed until his termination in 1983. His complaint makes no mention of any contract of employment; however, he does allege that defendant had a policy wherein employees would be given a reprimand and/or probation before they were terminated. Defendant also had a written policy whereby supervisors would spot check reports of sales activity; and any defects in performance would be called to the employee's attention by a written reprimand. He then alleges that during fourteen years of his employment, he was reprimanded twice and placed on probation once. He also alleges that in 1982, one of his supervisors advised him to falsify his sales report; and when he declined to do so, the supervisor filed the false report. In 1983, another supervisor checked his sales calls and discovered some 28 reporting errors and summarily terminated his employment; plaintiff was 39 years at the time.

Plaintiff's complaint is stated in four counts. In Count I he alleges that a contract of employment existed and that defendant breached the contract by terminating him without first issuing a reprimand or placing plaintiff on probation, pursuant to defendant's established policy. In Count II plaintiff purports to state a cause of action for retaliatory discharge. He alleges that his termination at the age of 39 violated the public policy embodied in the Illinois Human Rights Act, 68 Ill.Rev.Stat. ch. 68, § 1–101 *et seq.* Count III alleges that plaintiff's termination was a violation of an alleged covenant of good faith and fair dealing. As to Count IV, the court is unable to ascertain what cause of action plaintiff is attempting to plead. It appears that he is alleging a "right" to receive reprimands, probation, notice and a hearing from defendant prior to his termination. It is undisputed that Illinois law controls this diversity action. A review of the relevant Illinois statutes and decisions discloses that each count of the complaint fails to state a claim on which relief can be granted.

### II

In Count I plaintiff attempts to state a claim for breach of an employment contract. He does not allege that a written employment contract exists, nor does he allege that there was a specific stated duration to the employment relationship between him and defendant. If an employment contract, whether oral or written, does not specify a duration, then the contract is terminable "at will", and the employment relation can be terminated by either party at any time and for any reason. *See Rynar v. Ciba-Geigy Corp.*, 560

F.Supp. 619 (N.D.Ill.1983); *Lukasik v. Riddell, Inc.*, 116 Ill.App.3d 339, 72 Ill.Dec. 123, 452 N.E.2d 55 (1983). Because plaintiff has not alleged that his contract of employment had a specified duration, his employment is terminable "at will" and he cannot state a claim for breach of an employment contract.

▆ Plaintiff, although it is hard to discern what his contentions are from his brief in response to the motion to dismiss, apparently is arguing that the company is contractually bound to adhere to the "reprimand and/or probation prior to termination" policy. Thus, this policy modified plaintiff's at will status and imposed a condition which the company had to follow before it terminated plaintiff. Generally, a personnel policy of an employer is not part of an employment contract unless it is "bargained for." *Rynar v. Ciba-Geigy Corp.*, 560 F.Supp. at 624. In order for the personnel policy to be bargained for and thus included in the employment contract two facts must be established: (1) the terms of the policy itself must establish that a mutuality of obligation was intended when the policy was adopted; and (2) the facts surrounding implementation of the policy must establish that the policy modified a pre-existing employment contract. *Enis v. Contential Illinois National Bank*, 582 F.Supp. 876 (N.D.Ill.1984); *Rynar v. Ciba-Geigy Corp., supra; Sargent v. Illinois Institute of Technology*, 78 Ill. App.3d 117, 33 Ill.Dec. 937, 397 N.E.2d 443 (1979); *Carter v. Kaskaskia Community Action Agency*, 24 Ill.App.3d 1056, 322 N.E.2d 574 (1974). In this case, plaintiff's allegations fail to adequately set forth a breach of contract claim. All plaintiff alleges is the existence of defendant's policy of issuing reprimands and probation before termination. He does not allege, as he must, that the policy was implemented after he started to work for defendant; *Sargent v. Illinois Institute of Technology, supra;* or that the terms of the alleged policy specifically or even implicitly suggest mutuality. *Rynar v. Ciba-Geigy Corp., supra.*

In Count II plaintiff alleges that his termination was a violation of the age discrimination provisions of the Illinois Human Rights Act. Ill.Rev.Stat. ch. 68, § 1–101 *et seq.* ("IHRA"). He claims that defendant has "consistently, deliberately and maliciously followed a course of conduct of weeding out, culling and terminating their [sic] employees ... when such employees reach or become close to or are over forty (40) years of age...." Plaintiff then alleges that he was wrongfully, maliciously and deliberately terminated at the age of 39.

▆ The IHRA make it unlawful for an employer to discriminate against an employee on the basis of age; however, the Act only applies to individuals who are between 40 and 70 years old. Ill.Rev.Stat. ch. 68, § 1–103. Plaintiff admits that he was 39 years of age at the time of termination; therefore, he cannot claim a violation of the IHRA because he was not in the age group covered by the Act at the time of the alleged violation. Furthermore, IHRA provides for extensive administrative review prior to the filing of a suit. Section 8–111(D) of the Act provides that no party can bring an action until he has first exhausted his administrative remedies. Plaintiff does not allege that he has done so. Therefore, Count II fails to state a claim on which relief can be granted.

▆ Plaintiff would have this court construe Count II as alleging a cause of action in tort on the grounds that this was a retaliatory discharge which contravened the public policy underlying IHRA. Assuming *arguendo,* that the court construes this count in the manner urged by plaintiff, it still does not state a claim. While Illinois courts have recognized, in limited circumstance, the tort of wrongful discharge in contravention of public policy, *see e.g. Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981); *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978); they have not extended this tort to situations where a plaintiff alleges that the public policy violated is the policy contained in the IHRA. Courts which have addressed

similar claims have held that no cause of action exists in Illinois for wrongful discharge in violation of the public policy contained in the IHRA. *See Brudnicki v. General Electric Co.*, 535 F.Supp. 84 (N.D. Ill.1982); *Dykstra v. Crestwood Bank*, 117 Ill.App.3d 821, 73 Ill.Dec. 307, 454 N.E.2d 51 (1983). Accordingly, even if this count is construed as urged by plaintiff, it still fails to state a claim.

■ Count III alleges that when defendant terminated plaintiff, the company violated a covenant of good faith and fair dealing. Illinois courts, and courts in this district applying Illinois law, have consistently recognized that no cause of action exists for an alleged breach of a covenant of good faith and fair dealing between an employer and employee. *See e.g. Gordon v. Matthew Bender & Co., Inc.*, 562 F.Supp. 1286 (N.D.Ill.1983); *Payne v. AHFI/Netherlands, B.V.*, 522 F.Supp. 18 (N.D.Ill.1980); *Manuel v. International Harvester Co.*, 502 F.Supp. 45 (N.D.Ill. 1980); *Martin v. Federal Life Insurance Company*, 109 Ill.App.3d 596, 65 Ill.Dec. 143, 440 N.E.2d 998 (1982). Accordingly, Count III also fails to state a claim on which relief can be granted.

■ Count IV consists of a string of vague and conclusory allegations from which the court is unable to determine what kind of claim plaintiff is attempting to assert. In response to the motion to dismiss, he does not address defendant's contention that it is unable to discern what cause of action he is alleging in Count IV, and in fact, he does not even address this count in his response. This court is not under an obligation to identify a cause of action for plaintiff when his complaint and his response to defendant's motion to dismiss does not do so. *See Clark v. National Travelers Life Insurance Co.*, 518 F.2d 1167, 1169 (6th Cir.1975). As best as the court can understand the allegations of this count, plaintiff is attempting to allege that he was entitled to some type of hearing before termination. This count, however, shares the same fate as the others. Illinois courts have held that an "employee is not entitled to a prior notice or hearing on the merits of his discharge." *Martin v. Federal Life Insurance*, 109 Ill.App.3d 596, 65 Ill.Dec. 143, 440 N.E.2d 998 (1982). Accordingly, Count IV fails to state a claim on which relief can be granted.

### III

Defendant also seeks an award of costs and attorneys' fees for having to defend this suit. Newly amended Rule 11, Fed.R. Civ.P., provides that the signature of an attorney to a pleading is certification that he or she has made a "reasonble inquiry" that his pleading is well grounded in both facts and law and provides for sanctions, including the ordering of the payment of attorneys' fees and costs, for its violation. The Notes of the Advisory Committee on Rules state that the new language "stress the need for some prefiling inquiry into both the facts and law to satisfy the affirmative duty imposed by the rule." The court concludes that plaintiff's attorney did not discharge this affirmative duty before filing this suit.

As noted in this memorandum, the allegations of plaintiff's complaint completely fail, under well established law, to state a claim on which relief can be granted. If plaintiff's attorney had fulfilled his duty to have made a prefiling inquiry into the law in this area, he would have discovered that these allegations do not state a claim. Plaintiff's attorney, in response to defendant's motion to dismiss did not address most of the arguments raised by defendant; nor did he respond to the motion for an award of attorney's fees and costs.

■ While this court realizes that the mere fact a complaint is dismissed for failure to state a claim does not make the attorney who files the complaint liable for sanction, a reasonable prefiling inquiry by plaintiff's attorney would have disclosed that this complaint was not warranted under well settled law; and that this suit should not have been filed. In his response to the motion to dismiss, plaintiff did not attempt to make a colorable argument that

under the law these allegations state a claim. Therefore, the court concludes that plaintiff's attorney has not discharged his duty under Rule 11 to have made a reasonable inquiry into the law applicable to this case. Such conduct warrants the imposition of sanctions. Accordingly, defendant's motion for an award of attorney's fees and costs is granted; the award is to be paid by plaintiff's counsel, Gerald C. Heldrich, Esq.

### IV

In conclusion, for the reasons stated, defendant's motion to dismiss is granted and this suit is dismissed in its entirety. Defendant's motion for an award of attorney's fees and costs is granted. The award is to be paid by plaintiff's counsel, Gerald C. Heldrich, Esq. Defendant is directed to submit a petition to this court of the costs and fees incurred, setting forth the amounts and a schedule of time spent with supporting affidavits. Plaintiff will be given an opportunity to respond to the reasonableness of the amount of costs and fees sought by defendant.

So ordered.