812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Danny VANCE, Appellant,
v.
M. LOEB COMPANY, Appellee.
Danny VANCE, Appellee,
v.
M. LOEB COMPANY, Appellant.
 Nos. 86-1092(L), 86-1107.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 12, 1986.
Decided Feb. 9, 1987.
 
 Before WINTER, Chief Circuit Judge, HALL, Circuit Judge, and McMILLAN, District Judge for the Western District of North Carolina, sitting by designation.
 A. Andred Giangreco on brief for appellant.
 Michael A. Nemeroff (Michael J. McDanold, Valerie J. Daye, Sidley & Austin on brief) for appellee.
 PER CURIAM:
 
 FACTS
 
 1
 On December 5, 1985, appellant Danny Vance filed a complaint in this action seeking collection of weekly insurance benefits from appellee M. Loeb Company. J.App. at 13. Vance alleged that on or about April 17, 1968, while working for defendant, he sustained a severe job related injury, that he is permanently and totally disabled and has been since April 17, 1968, and that under the terms of two collective bargaining agreements he is entitled to receive $45.00 per week from August 13, 1969, to date, and for as long as he remains totally and permanently disabled.
 
 
 2
 M. Loeb Company, defendant, filed answer on January 21, 1986. J.App. at 14. Loeb's third defense was that Vance failed to comply with the grievance procedures set forth in the collective bargaining agreements. J.App. at 16. Loeb moved for summary judgment based on Vance's failure to exhaust his remedies under those agreements.
 
 
 3
 On March 14, 1986, the District Court for the Eastern District of Virginia at Alexandria held a hearing on Loeb's motion for summary judgment. At the hearing, Vance admitted that he did not avail himself of the grievance procedures in the collective bargaining agreements. J.App. at 36. Vance argued that he was excused from exhausting the grievance procedure because using the grievance procedure would have been a futile effort. J.App. 35-37.
 
 
 4
 The trial court granted Loeb's motion for summary judgment. J.App. at 37. The court rejected Vance's argument that he was excused from using the grievance procedure because it would have been futile. In a later memorandum opinion explaining its ruling, the court said:
 
 
 5
 Concluding that the case involved a claim for benefits under a collective bargaining agreement; that it was therefore governed by Sec. 301(a) of the Labor Management Relations Act, 29 U.S.C. Sec. 185; and that case law clearly required exhaustion of collective bargaining agreement grievance procedure as a prerequisite for such an action [Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965) ], the court granted the defendant's motion for summary judgment.
 
 
 6
 J.App. 54-55.
 
 
 7
 On March 25, 1986, Loeb filed a motion pursuant to Federal Rule of Civil Procedure 11, for an award of $11,000 in attorneys' fees and costs. J.App. at 40. Vance filed a brief in opposition to that motion. J.App. at 41.
 
 
 8
 On April 15, 1986, the trial court issued a memorandum opinion and order denying Loeb's motion for attorneys' fees. J.App. 54-55. Vance appeals the trial court's decision granting summary judgment to M. Loeb Company. Loeb cross appeals the trial court's decision denying attorneys' fees and costs as a Rule 11 sanction. For the following reasons, both decisions are affirmed.
 
 SUMMARY JUDGMENT
 
 9
 Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Vance admitted that he was suing to collect payments allegedly due under a collective bargaining agreement, that the collective bargaining agreement contained a grievance procedure, and that he did not avail himself of that procedure. J.App. at 4 and at 35.
 
 
 10
 Although the case was phrased as a diversity case, the trial court correctly found that the case really involved a claim for benefits under a collective bargaining agreement. Under well established case law, in a suit involving a breach of a collective bargaining agreement, collective bargaining grievance procedures must be exhausted before a suit can be filed in federal court. Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965).
 
 
 11
 Vance does not quarrel with the trial court's conclusion that the case involved breach of a collective bargaining agreement, and that he did not exhaust the grievance procedure. Vance argues on appeal that the general rule of Republic Steel does not apply to his situation, because resort to the grievance procedure was futile. According to Vance, it was "fruitless" to pursue the grievance procedure due to Loeb's position that it owed Vance nothing. Vance offers as support for his futility argument several letters written by Loeb's counsel. These letters set forth Loeb's position that Vance was not entitled to any supplemental payments. J.App. 56, 57 and 60-61.
 
 
 12
 There are cases where futility will excuse an employee from exhausting the collective bargaining agreement's grievance procedure. The Supreme Court in Vaca v. Sipes, 386 U.S. 180 (1967), stated that:
 
 
 13
 "An obvious situation in which the employee should not be limited to the exclusive remedial procedures established by the contract occurs when the conduct of the employer amounts to a repudiation of those contractual procedures."
 
 
 14
 386 U.S. at 185. Vance, however, has not shown that Loeb repudiated the contractual grievance procedure by, for example, refusing to arbitrate or by refusing to comply with an arbitrator's decision. All Vance can show is that Loeb took the position that it owed Vance nothing. The trial judge properly held that an employee is not excused from using a grievance procedure just because the employer has stated that it disagrees with the employee's position. As the trial judge pointed out, grievance procedures are supposed to resolve differences between an employee and an employer.
 
 RULE 11 ATTORNEYS' FEES
 
 15
 Loeb argues that the trial judge erred in refusing to grant attorneys' fees as a Rule 11 sanction. Rule 11, in pertinent part, provides:
 
 
 16
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 17
 Loeb argues that Rule 11, as amended in 1983, replaced a subjective bad faith test with a new objective standard. Loeb contends that the trial judge erroneously applied the old subjective "bad faith" test.
 
 
 18
 In its memorandum opinion, the Court held that the case was not "so clearly frivolous or deliberately harassing as to warrant a Rule 11 sanction." The court reasoned that futility (i.e. Vance's claim that he should be excused from pursuing grievance procedures because it would have been futile), if sufficiently raised, would be an exception to the exhaustion requirement so that "there was, perhaps a colorable claim here." J.App. at 55. This reasoning shows that the trial judge applied an objective test; that is, the trial judge looked to see if Vance had any reasonable basis for his position that he was excused from exhausting the grievance procedure.
 
 
 19
 Loeb cites several cases where courts have granted Rule 11 sanctions. The cases, however, can be distinguished from the present case. In Ring v. R.J. Reynolds, 597 F.Supp. 1277 (N.D.Ill.1984), plaintiff was not within the age group protected by the statute. No possible exception would have placed plaintiff in the protected class. Similarly, in Chu v. Griffith, 771 F.2d 79 (4th Cir.1985), the plaintiff sued the judge who presided over his divorce proceedings. Judicial immunity protects judges from such suits. In contrast, Vance would have been excused from exhausting the grievance procedure if he had shown that exhaustion was a futile effort.
 
 
 20
 In Taylor v. Belger Courtage Serv. Inc., 102 F.R.D. 172 (W.D.Mo.1984), cited by Loeb, the lawyer completely misunderstood the plain holding of Vaca v. Sipes. In contrast, Vance's lawyer did not misunderstand Vaca ; he just failed to prove that Vance should be excused from exhausting administrative remedies.
 
 
 21
 Loeb states that the imposition of sanctions is mandatory under Rule 11. Some type of Rule 11 sanctions, though not necessarily attorneys' fees, is mandatory only if the trial judge finds that the rule has been violated. In the present case, the trial judge did not err in finding that Vance's attorney did not violate Rule 11. Vance had a colorable futility argument. Rule 11 should not be used to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. Fed.R.Civ.P. 11 advisory committee note.
 
 
 22
 AFFIRMED.